JERRY LEE CHEEK v. ANNIE LAURIE FELDER HIGGINS

No. 8418SC1010

(Filed 16 July 1985)

**Venue § 7; Rules of Civil Procedure § 12— motion for change of venue—not timely filed**

The trial court erred by granting defendant's motion to change venue from Randolph to Guilford County where plaintiff's complaint was filed on 11 August 1982, defendant filed her answer on 31 August 1982, and defendant's motion to change venue was not filed until 11 April 1984. The time for making a written demand is before the time for filing answer expires, the defendant who files an answer to the merits before raising an objection to venue waives the right, and the burden is on defendant to conduct an investigation to determine if venue is proper before the time for filing expires. G.S. 1-83, G.S. 1A-1, Rule 12(b)(3).

APPEAL by plaintiff from *DeRamus, Judge*. Ordered entered 14 May 1984 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 4 June 1985.

This is an action filed 11 August 1982 in Randolph County arising out of an automobile accident which occurred 19 April 1978 in Guilford County. (Plaintiff had voluntarily dismissed a previous action also filed in Randolph County.) When the case came on for trial 11 April 1984, the trial judge noted that the costs of the original action had not been paid and ordered the case continued for thirty days pursuant to Rule 41(d), N.C. Rules of Civil Procedure, for plaintiff to pay the unpaid costs subject to dismissal if the costs were not paid. On 14 May 1984 the case came on for further hearing on the Rule 41(d) motion and on defendant's motion to change venue filed 11 April 1984.

The trial judge found that the costs had been paid and ruled that the action should not be dismissed. The court heard evidence on the motion to change venue and found as facts that (i) plaintiff was a resident of Guilford County, (ii) plaintiff was not a citizen and resident of Randolph County at the time the complaint was filed, (iii) defendant was a citizen and resident of Guilford County, and (iv) the accident occurred in Guilford County. Based on these facts, the trial judge concluded that Guilford County was the county in which venue lies and ordered the action transferred to Guilford County.

Plaintiff appealed from the entry of this Order.

*Ottway Burton for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by Joseph W. Moss and David A. Senter for defendant-appellees.*

PARKER, Judge.

Plaintiff assigns as error the trial court's granting of defendant's motion to change venue pursuant to G.S. 1-83 and Rule 12(b)(3) of the N.C. Rules of Civil Procedure.

General Statute 1-83 provides:

If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the

time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.

The court may change the place of trial in the following cases:

(1) When the county designated for that purpose is not the proper one.

Under applicable case law when the venue where the action was filed is not the proper one, the trial court does not have discretion, but must upon a timely motion and upon appropriate findings transfer the case to the proper venue. If, however, the motion in writing is not made within the time prescribed by statute, defendant waives his right to object to venue. *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 216 S.E. 2d 464 (1975). In this case plaintiff's complaint was filed 11 August 1982. Defendant filed her answer 31 August 1982. Defendant's motion to change venue was not filed until 11 April 1984. The language of the statute is clear that the time for making the written demand is before the time for filing answer expires. Moreover, our Supreme Court, interpreting this statute, has explicitly stated that the defendant who files answer to the merits before raising his objection to venue, waives the right. *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54 (1952); *See also Miller v. Miller*, 38 N.C. App. 95, 247 S.E. 2d 278 (1978).

Defendant's motion in the case at bar was not made in apt time. Therefore, we hold that defendant has waived her right and the trial court erred in granting defendant's motion to change venue. Defendant argues that her motion was made as soon as she discovered that plaintiff was not a resident of Guilford County. Defendant cannot, however, prevail on this argument for the reason that the plain language of the statute puts the burden on defendant to conduct an investigation to determine if venue is proper before the time for filing answer expires.

For the foregoing reasons, the 14 May 1984 Order is reversed with direction that the case be transferred from Guilford County to Randolph County for trial. Any purported appeal from the 11 April 1984 Order is dismissed.

Reversed.

Judges ARNOLD and MARTIN concur.