STATE OF NORTH CAROLINA v. COREY LEE MULLINAX

No. COA06-220

(Filed 5 December 2006)

**1. Appeal and Error— appellate rule violations—broadside assignment of error—appeal not dismissed**

Appellate rules violations involving a broadside assignment of error did not lead to dismissal because of the potential impact on defendant's sentence from an incorrect prior record level calculation and because of the substantial delay defendant endured in having his appeal heard.

## 2. Sentencing— prior record level—stipulated

Defendant stipulated to his prior record level where defense counsel expressly consented to the calculation of defendant's sentence at prior record level II and defendant and his counsel had the opportunity to object several times. Furthermore, while defendant argued on appeal the sufficiency of the evidence and whether he had stipulated to prior convictions, he did not contest on the actual determination of his prior record level.

On writ of certiorari from judgment entered 8 February 2002 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 2 October 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Haakon Thorsen, for defendant-appellant.*

JACKSON, Judge.

On 8 February 2002, Corey Lee Mullinax ("defendant") pled guilty to the second-degree murder of Rebecca Olivia Alexander. In the course of advising defendant about the consequences of his guilty plea, pursuant to North Carolina General Statutes, section 15A-1022(a), the trial court consulted with the prosecutor and defense counsel and informed them that he intended to sentence defendant as a prior record level II. Defendant thereafter entered his plea, affirmed that he was "in fact guilty," and stipulated to the prosecutor's summary of facts. The trial court then assigned defendant a prior record level II based upon the four record points reflected on the sentencing worksheet and sentenced him within the applicable presumptive range to an active prison term of 189 to 236 months. Defendant now appeals his prior record level calculation and the resulting judgment entered upon his guilty plea for second-degree murder.

We begin by describing the unique procedural posture of defendant's appeal. On 19 September 2002, defendant petitioned this Court for writ of certiorari for the purpose of reviewing his prior record level calculation. This Court granted the petition on 10 October 2002 and ordered the trial court to determine whether defendant was entitled (1) to the appointment of counsel; (2) to proceed as an indigent; (3) to a free copy of the transcript; and (4) to be released on bond pending appeal. Defendant's appeal was deemed taken as of the date

of the trial court's determination of whether he was entitled to counsel, and thereafter the record was to be settled and filed. The trial court, however, took no action until 11 June 2003, when the court (1) denied bail; (2) denied the request for a free transcript; (3) declared defendant indigent; and (4) found that defendant was represented by counsel at the time of the plea. The trial court, however, did not appoint defendant counsel nor did it determine whether defendant was entitled to the appointment of counsel.

Following the trial court's order of 11 June 2003, defendant waited another two years before filing a second petition for writ of certiorari, which the State noted was more properly characterized as a petition for a writ of mandamus. Explaining that he had received no word regarding the appointment of counsel or the perfecting of his appeal, defendant contended that the trial court "failed to appoint counsel, or did so, without providing [defendant] contact information, and/or informing the designated attorney of his appointment, thereby depriving him of the appeal he initially sought." He thus requested that this Court order the trial court to determine whether he was entitled to appointed counsel and to see that his appeal was perfected accordingly. This Court granted defendant's petition on 1 September 2005 and ordered the trial court to comply with the 10 October 2002 order within thirty days by appointing counsel to perfect defendant's appeal of his prior record level calculation. This Court also ordered the preparation of a transcript at the State's expense, and again, this Court provided that the record on appeal was to be settled and filed. On 9 September 2005, appellate entries were filed by Judge Jesse B. Caldwell III, and on 22 September 2005, defendant was appointed counsel.

In his lone assignment of error on appeal, defendant asserts that his prior record level was incorrectly calculated. Specifically, defendant argues that the State failed to prove the existence of the prior convictions listed on his sentencing worksheet, either by evidence or by stipulation. *See* N.C. Gen. Stat. § 15A-1340.14(f) (2001).

As this Court has held

[d]etermining a defendant's prior record involves a complicated calculation of rules and statutory applications. This calculation is a mixed question of law and fact. The 'fact' is the fact of the conviction . . . [and] [t]he law is the proper application of the law to the fact of a defendant's criminal record.

*State v. Hanton*, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006) (internal citations, alteration, and quotation marks omitted). Accordingly, in evaluating defendant's challenge to his prior record level calculation, "the trial court's findings of fact are conclusive on appeal if supported by competent evidence, [and] the trial court's conclusions of law are reviewed *de novo* by this Court." *State v. Ripley*, 360 N.C. 333, 339, 626 S.E.2d 289, 293 (2006).

Rule 10(a) of the North Carolina Rules of Appellate Procedure limits the scope of our review "to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C. R. App. P. 10(a) (2006). Under Rule 10(c)(1), an "assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1) (2006). An assignment of error is deemed to be "sufficient if it directs the attention of the appellate court to the particular error about which the question is made." *Id.* " 'The office of an assignment of error, as both the rule and the innumerable cases interpreting it plainly show, is to state directly, albeit briefly, what legal error is complained of and why.' " *Walker v. Walker*, 174 N.C. App. 778, 783, 624 S.E.2d 639, 642 (2005) (quoting *Duke v. Hill*, 68 N.C. App. 261, 264, 314 S.E.2d 586, 588 (1984)), *disc. rev. denied*, 360 N.C. 491, 632 S.E.2d 774 (2006).

[1] Here, defendant's assignment of error alleges only that his "prior record level was incorrectly calculated." To assign error to a ruling on the ground that it is "incorrect" is a tautology, "essentially amount[ing] to no more than an allegation that 'the court erred because its ruling was erroneous.' " *Walker*, 174 N.C. App. at 783, 624 S.E.2d at 642. When the ruling is the product of a series of findings and conclusions—as in the case of a prior record level calculation—such an assignment of error cannot be said to direct the attention of this Court to any particular error or issue for review, as contemplated by Rule 10(c)(1). After assigning error to his prior record level on the all-encompassing ground that it was "incorrectly calculated," a defendant might contest, *inter alia*, an improper number of record points assigned to a particular conviction, the misclassification of an out-of-state conviction, the attribution of record points to more than one conviction obtained during a single week of court, an incorrect finding of his probationary status or of a correspondence between the elements of his instant offense and a prior conviction, a simple error of arithmetic in the totaling of his record points, or a discrepancy

between his point total and the corresponding record level assigned to him. *See* N.C. Gen. Stat. § 15A-1340.14 (2001). " 'Such an assignment of error is designed to allow counsel to argue anything and everything they desire in their brief on appeal. This assignment—like a hoopskirt—covers everything and touches nothing.' " *Walker*, 174 N.C. App. at 783, 624 S.E.2d at 642 (quoting *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005)).

Nothing in defendant's broadside assignment of error hints at his intention to challenge the court's findings of his prior convictions or the evidentiary support therefor, as opposed to the myriad other possible errors which might appear in a record level calculation. *Cf. State v. Price*, 170 N.C. App. 57, 65, 611 S.E.2d 891, 896 (2005) ("If error is not assigned to any of the trial court's particular findings of fact, those findings are presumed to be supported by competent evidence and are therefore binding on appeal."). Accordingly, because of defendant's violation of Rule 10(c)(1), we could elect to dismiss his appeal. *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 610 S.E.2d 360, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005); *see also Walker*, 174 N.C. App. 778, 624 S.E.2d 639.

Nevertheless, this Court may disregard rules violations and suspend the rules "[t]o prevent manifest injustice to a party." N.C. R. App. P. 2 (2006). Because of the potential impact on defendant's sentence from an incorrect prior record level calculation and because of the substantial delay defendant has endured in having his appeal heard before this Court, we choose to invoke Rule 2 notwithstanding defendant's Rule 10(c) violation. *Stann v. Levine*, 180 N.C. App. 1, 11, 636 S.E.2d 214, 220 (2006). ("[I]njustice is far more manifest when a person's life or liberty is at stake, and consequently, Rule 2 has found its greatest acceptance in the criminal context.").

[2] Pursuant to North Carolina General Statutes, section 15A-1340.14, "[t]he prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved." N.C. Gen. Stat. § 15A-1340.14(a) (2001). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists," and those prior convictions, in turn, shall be proven by stipulation of the parties, court records of the prior convictions, copies of records maintained by selected state agencies, or "[a]ny other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f) (2001).

On appeal, defendant contends that no evidence of his prior convictions was presented at the plea and sentencing hearings, and that he did not stipulate to the prior convictions found by the court. Defendant thus argues that his original sentence should be vacated and that he should be resentenced in accordance with a prior record level I.

At the plea hearing, defendant stated that he understood that he was pleading guilty to second-degree murder, and after determining that there was no maximum sentence listed on the transcript, the trial court explained that it would calculate the sentence for defendant. The trial court then engaged in the following colloquy with the prosecutor and defendant's attorneys:

> THE COURT: In looking at the maximum punishment—I've reviewed the work sheet which indicates that *he is a Level 2*. So just going from that, the possible maximum punishment—and *you can check me on this, Counsel*—would be two hundred and ninety-four months on the *Level 2. Does that sound right?*
>
> [THE PROSECUTOR]: Yes, sir.
>
> [DEFENSE COUNSEL]: *Yes, Your Honor.*
>
> THE COURT: All right. I'll let you include that, and *your client can review that.*

(Emphases added). Defense counsel then obtained "a paper writing," likely the Transcript of Plea form, and after conferring with defendant at the defense table, defense counsel presented the document back to the court, and defendant proceeded to plead guilty. Defendant affirmed that he understood that he was pleading guilty to second-degree murder, which carried the total punishment of 294 months imprisonment, and defendant confirmed his acceptance of the sentence by initialing the Transcript of Plea in two separate locations.

Our Supreme Court has noted that "[t]here is no doubt that a mere worksheet, standing alone, is insufficient to adequately establish a defendant's prior record level." *State v. Alexander*, 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005). In *Alexander*, the prior record level worksheet indicated the defendant's prior record level was II, and although "defense counsel did not expressly state that he had seen the prior record level worksheet," the Court found that "defense counsel's statement to the trial court constituted a stipulation of

defendant's prior record level." *Id.* at 830, 616 S.E.2d at 918. The Court further clarified that neither defendant nor his counsel needs to state affirmatively what defendant's prior record level is for a stipulation to occur, "particularly if defense counsel had an opportunity to object to the stipulation in question but failed to do so." *Id.* at 829, 616 S.E.2d at 918.

In conjunction with the analysis set forth in *Alexander*, this Court's prior holding in *State v. Eubanks*, 151 N.C. App. 499, 565 S.E.2d 738 (2002), is instructive. In *Eubanks*, the following colloquy transpired prior to the State's submission of the prior record level worksheet:

> [THE PROSECUTOR]: If Your Honor, please, under the Structured Sentencing Act of North Carolina, the defendant has a prior record level of four in this case, Your Honor.
>
> THE COURT: Do you have a prior record level worksheet?
>
> [THE PROSECUTOR]: Yes, sir, I do.
>
> THE COURT: All right. Have you see that, Mr. Prelipp [attorney for defendant]?
>
> MR. PRELIPP: I have, sir.
>
> THE COURT: *Any objections to that?*
>
> MR. PRELIPP: *No, sir.*

*Eubanks*, 151 N.C. App. at 504-05, 565 S.E.2d at 742 (emphases added).

Just as in the case *sub judice*, "the statements made by the attorney representing defendant . . . may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet." *Id.* at 506, 565 S.E.2d at 743. Here, defense counsel expressly consented to the calculation of defendant's sentence at prior record level II. Furthermore, defendant and his counsel both had the opportunity to object, *inter alia*: (1) when the trial court asked if 294 months at Level 2 was accurate; (2) when they reviewed and defendant signed the Transcript of Plea; (3) after the State's summary of the evidence; (4) during their statements at the factual basis; and (5) during the sentencing phase. Additionally, this Court found it significant in *Eubanks* "that defendant has not asserted in his appellate brief that any of the prior convictions listed on the worksheet do not, in fact, exist." *Id.* at 506, 565 S.E.2d at 743. Similarly, the State in

the case *sub judice* noted "that in his appeal the defendant does not contest the actual determination of his prior record level."

For the reasons stated herein, we hold that defendant stipulated to his prior record level, and accordingly, defendant's assignment of error is overruled.

No Error.

Chief Judge MARTIN and Judge CALABRIA concur.