STATE OF NORTH CAROLINA v. MARK N. PATTERSON

No. COA06-1347

(Filed 7 August 2007)

## 1. Evidence— other break-ins—chain of events

Evidence about other reported break-ins was properly admitted in a prosecution for possession of stolen property. The evidence explained the chain of events in the police investigation and was not hearsay.

## 2. Evidence— possession of stolen property—other break-ins—not prejudicial

The probative value of testimony about other break-ins in a prosecution for possession of stolen property was not outweighed by the prejudicial value. There was no testimony directly accusing defendant of the other crimes, and the court gave an instruction limiting the testimony to what the detective did, not what he heard.

## 3. Evidence— identification of stolen property—properly admitted

Testimony identifying a recovered camera as one that had been stolen was properly admitted in a prosecution for possession of stolen property. The testimony was relevant, the witness stated that she was personally familiar with the camera, and she testified that she recognized it as the one stolen.

## 4. Evidence— possession of stolen property—relevancy— proper foundation

Testimony identifying a recovered camcorder as having been stolen was properly admitted in a prosecution for possession of stolen property. The witness's testimony was relevant and was preceded by a proper foundation.

**5. Appeal and Error— assignment of error—no supporting legal basis—dismissal**

An assignment of error was dismissed where it included no legal basis opposing the admission of certain evidence. There was no manifest injustice to support invocation of Rule 2 because the result would not change if the rule was applied.

**6. Possession of Stolen Property— sufficiency of evidence— property claimed by defendant**

There was sufficient evidence to support charges of possessing stolen property and possessing housebreaking tools where there was evidence that stolen items were recovered which defendant claimed were his, and tools found with the stolen items were consistent with tools typically used to break and enter locked properties.

Judge WYNN concurring in the result.

Appeal by defendant from judgments entered 16 March 2006 by Judge Zoro J. Guice, Jr., in Graham County Superior Court. Heard in the Court of Appeals 22 May 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Scott A. Conklin, for the State.*

*Daniel F. Read, for defendant-appellant.*

CALABRIA, Judge.

Mark N. Patterson ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of possession of stolen property pursuant to a breaking or entering and possession of implements of house breaking. We find no error.

On 2 November 2005, Tonya Sellers ("Sellers") reported for work at Four-Square Community Action Head Start ("Head Start") and noticed that someone had broken into a room in the Head Start office. "One of the file cabinets was messed up, some money was missing from the extended day room, and we had a camera that was missing," Sellers testified. Sellers identified the missing camera as a silver colored Kodak Easy-Show digital camera that was kept in a white pack with a USB cord. Sellers reported the break-in and theft to the police, speaking with James Jones ("Detective James Jones"), a detective with the Graham County Sheriff's Department.

STATE v. PATTERSON

[185 N.C. App. 67 (2007)]

Three weeks later, on 22 November 2005, Detective James Jones received a call from Kyle Boring ("Boring"), a Graham County resident. Boring informed Detective James Jones that he allowed defendant to store property inside a camper trailer on Boring's premises and that he believed some of the property inside the trailer may be items the police were seeking. Following Boring's tip, Detective James Jones sent Brian Jones ("Detective Brian Jones"), also with the Graham County Sheriff's Department, to search for the stolen property.

With Boring's consent, Detective Brian Jones searched the trailer and found several black bags containing items including papers with defendant's name on them. He also found a camera matching the description of the digital camera Sellers reported stolen. At trial, Sellers testified that the camera found in the trailer was the same as the one taken from Head Start.

Detective Brian Jones also found a set of bolt cutters and other tools, which he characterized as a "homemade lock-picking kit." Detective Brian Jones testified that such items were typically used for breaking and entering buildings. In addition to the camera found in the trailer, Detective Brian Jones found a camcorder. Noah Crowe ("Pastor Crowe"), pastor of the First Baptist Church in Robbinsville, testified that the camcorder found in the trailer was one that had been stolen from his church.

Defendant testified that the camera, camcorder, and alleged burglary tools belonged to him. He stated the tools were not burglary tools, but were used for other purposes such as his job as a plumber. Following his trial in Graham County Superior Court, the jury returned guilty verdicts. Judge Zoro J. Guice, Jr. sentenced defendant to a minimum of 10 months and a maximum of 12 months in the North Carolina Department of Correction for possession of property stolen pursuant to a breaking or entering and a minimum of 6 months and a maximum of 8 months for possession of implements of house breaking. Judge Guice suspended the sentence for possession of implements of house breaking and placed defendant on supervised probation for a period of five years. From those judgments, defendant appeals.

[1] Defendant initially argues the trial court erred by admitting Detective Brian Jones' statements regarding other businesses that had reported break-ins. Defendant contends that the admission of

such statements over his objection was improper in that the statements were hearsay, speculative, irrelevant, and unduly prejudicial. We disagree.

We first note that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801 (2005).

The relevant exchange in the record was as follows:

[Detective Brian Jones]: With the items I then—after finding what was missing, first of all I put them in a safe place in our evidence room. Then we started going through reports. Then I loaded several items on the back of a pickup truck, which belongs to the sheriff's department. I then went to local businesses that had reported break-ins and stolen merchandise[.]

[Defense counsel]: Objection, Your Honor, to what somebody might have said.

The Court: Overruled, just to what he did.

[Prosecutor]: Did you do anything else with regard to investigating the incident at Head Start—breaking and entering at Head Start?

[Detective Brian Jones]: Not that I'm aware of, no.

This exchange clarifies that the trial court overruled the defendant's objection only to the extent it sought to preclude statements about what Detective Brian Jones did, not what he had heard regarding the break-ins, by stating, "Overruled, just to what he did." As such, the evidence offered was both relevant, in that it explained the chain of events in the police investigation, and was non-hearsay, because it precluded the further admission of statements regarding the reported break-ins. The statements were offered to explain the chain of events and were not offered for the truth of the matter asserted.

[2] Further, it is clear that the probative value of the statements was not substantially outweighed by their prejudicial effect.

Therefore, their admission did not violate N.C. Gen. Stat. § 8C-1, Rule 403 (2005) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Defendant relies upon *State v. Al-Bayyinah*, 356 N.C. 150, 567 S.E.2d 120 (2002), in which our Supreme Court granted a new trial to a defendant after the trial court allowed testimony accusing the defendant of two previous crimes for which he had been neither indicted nor convicted. This case is distinguishable from *Al-Bayyinah* in that here there was no testimony directly accusing defendant of other crimes. Implicit in Detective Brian Jones' testimony is that the police may have *suspected* defendant of committing other break-ins, but defendant was not in fact *accused* of any other break-ins. Here, the trial court cured any defect by stating that Detective Brian Jones' testimony should be limited to what he did, not what he had heard. As such, the undue prejudice resulting from the admission of the statements in *Al-Bayyinah* was much greater than any slight prejudice which may have occurred here and which did not substantially outweigh the probative effect of the statements.

Further, *Al-Bayyinah* dealt with the issue of N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005), which states that

> evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

*Id.* The exchange quoted above makes clear that Detective Brian Jones' statement was not offered to prove defendant's conformity with character to commit wrongs, but was offered to explain the sequence of events. This assignment of error is overruled.

[3] Defendant next argues the trial court erred in allowing Sellers to testify that the camera produced at trial was the same one taken from the Head Start office. Defendant contends there was no foundation for Sellers' statement and that the statement was not credible and therefore irrelevant. We disagree.

STATE v. PATTERSON

[185 N.C. App. 67 (2007)]

Sellers testified that she was familiar with the camera stolen from Head Start, and stated that she had used it on a number of occasions. When asked to identify the camera in court, she stated, "[I]t looks like the camera that we had at Head Start." When defense counsel objected, Sellers stated, "[I]t's the same one we had down there that we always used." The trial court then overruled defense counsel's objection.

As previously noted, relevant evidence is evidence showing any fact of consequence to be more or less probable. Here, the witness' identification of the camera was clearly relevant. She stated that she was personally familiar with the camera and testified that she recognized the camera found in Boring's trailer as the camera that was taken from Head Start. Defendant's arguments go to the weight of the evidence and not to its admissibility. "Any contradictions or discrepancies in the evidence are for resolution by the jury." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

[4] Defendant further argues the trial court erred by allowing testimony regarding the camcorder on the ground that no foundation was laid, and further objects to the admission of the camcorder itself. Like Sellers, Pastor Crowe testified that he was familiar with the camcorder and that he recognized it as the one taken from Boring's trailer. As such, his identification of the camcorder was relevant and was preceded by a proper foundation. Defendant's characterization of Pastor Crowe's identification of the camcorder as "weak" goes to the weight and not the admissibility of the evidence. This assignment of error is without merit.

[5] Defendant next argues the trial court erred by allowing testimony concerning his reasons for being in jail in Swain County when the sheriff's deputies searched Boring's trailer. Defendant argues the evidence was irrelevant and unduly prejudicial, while the State contends defendant opened the door allowing the prosecutor to elicit the testimony.

We first note that defendant's assignment of error preserving this issue for appeal fails to state legal grounds for his challenge. The North Carolina Rules of Appellate Procedure state, "Each assignment of error shall, so far as practicable, be confined to a single issue of law; and *shall state plainly, concisely and without argumentation the legal basis upon which error is assigned*." N.C. R. App. 10(c)(1) (2006) (emphasis supplied). Defendant's assignment of er-

ror number 5 states, "The trial court erred by overruling Defend-
ant's objections about details of why he was in jail in Swain County
when he was arrested on these charges." This assignment of error,
while objecting to the admission of evidence, states no legal basis
supporting the objection.

Our Supreme Court, in *State v. Hart*, 361 N.C. 309, —— S.E.2d ——
(2007) established that this Court may invoke N.C. R. App. P. 2 (2006)
to suspend the Rules of Appellate Procedure to prevent "manifest
injustice." In the present case, appellate review is frustrated in that
the assignment of error in question is overly broad. This assignment,
"like a hoopskirt—covers everything and touches nothing. It is based
on numerous exceptions and attempts to present several separate
questions of law—none of which are set out in the assignment itself—
thus leaving it broadside and ineffective." *State v. Kirby*, 276 N.C.
123, 131, 171 S.E.2d 416, 422 (1970). The concurring opinion concedes
that the result would be no different if we chose to invoke Rule 2 to
suspend the rules. As such, no "manifest injustice" results from our
refusal to suspend the rules in this case. Accordingly, this assignment
of error is dismissed for failure to comply with the North Carolina
Rules of Appellate Procedure.

**[6]** Defendant lastly argues the trial court erred in denying defend-
ant's motions to dismiss on the ground that there was insufficient evi-
dence to support the charges. Our courts have established the fol-
lowing standard in reviewing motions to dismiss:

> In ruling upon a motion to dismiss, the trial court must examine
> the evidence in the light most favorable to the State, giving the
> State the benefit of all reasonable inferences which may be drawn
> from the evidence. The court must determine whether substantial
> evidence supports each essential element of the offense and the
> defendant's perpetration of that offense. If so, the motion must be
> denied and the case submitted to the jury. " 'Substantial evidence'
> is that amount of relevant evidence that a reasonable mind might
> accept as adequate to support a conclusion."

*State v. Hairston*, 137 N.C. App. 352, 354, 528 S.E.2d 29, 30 (2000)
(internal citations omitted).

Possession of stolen goods is defined as follows:

> If any person shall possess any chattel, property, money, valuable
> security or other thing whatsoever, the stealing or taking whereof

amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a Class H felony, and may be indicted and convicted, whether the felon stealing and taking such chattels, property, money, valuable security or other thing shall or shall not have been previously convicted, or shall or shall not be amenable to justice; and any such possessor may be dealt with, indicted, tried and punished in any county in which he shall have, or shall have had, any such property in his possession or in any county in which the thief may be tried, in the same manner as such possessor may be dealt with, indicted, tried and punished in the county where he actually possessed such chattel, money, security, or other thing; and such possessor shall be punished as one convicted of larceny.

N.C. Gen. Stat. § 14.71.1 (2005).

Possession of burglary tools is defined as such:

If any person shall be found armed with any dangerous or offensive weapon, with the intent to break or enter a dwelling, or other building whatsoever, and to commit any felony or larceny therein; or shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; or shall be found in any such building, with intent to commit any felony or larceny therein, such person shall be punished as a Class I felon.

N.C. Gen. Stat. § 14-55 (2005).

Here, the State presented evidence that the camera and camcorder were stolen, and Sellers and Pastor Crowe both identified those items at trial. It further presented evidence that the items were seized from Boring's trailer, and defendant claimed the items belonged to him. In addition, the State presented evidence that a break-in had occurred at the Head Start office, and that the tools found with the camera and camcorder in Boring's trailer were consistent with the tools typically used to break and enter locked properties. In light of this, it is clear from the record that there was ample evidence that, when viewed in the light most favorable to the State, could support the jury's finding that defendant possessed stolen goods and burglary tools. Accordingly, this assignment of error is overruled.

**STATE v. PATTERSON**

[185 N.C. App. 67 (2007)]

No error in part, dismissed in part.

Judge TYSON concurs.

Judge WYNN concurs in the result with a separate opinion.

WYNN, Judge, concurring in the result.

I concur with the majority's holding as to all issues presented by Defendant, save that of the testimony concerning his being in the Swain County jail at the time of the search of the camper. On that question, I would reach the merits of Defendant's argument and find no error in the trial court's allowing the objected-to testimony; thus, I concur in the result only as to that issue.

At trial, Defendant testified on direct examination from his attorney that he was not present for the search of his trailer because he was in jail in Swain County. On cross-examination, the prosecutor asked Defendant why he was in jail; defense counsel objected, but the trial court ruled that Defendant's testimony on direct had "opened the door" and allowed Defendant's answer that he was in jail in Swain County for possession of stolen goods.

The majority is correct in noting that Defendant's assignment of error as to this exchange at trial is overly broad and fails to state the legal basis upon which error is assigned. However, I observe that the majority was also able to ascertain and summarize, from both Defendant's and the State's briefs, their respective arguments on this point. As such, I find that appellate review has not been frustrated, nor has the State been denied notice of Defendant's contentions, as to this issue. Given the liberty interest at stake for a criminal defendant such as in the instant case, I would invoke Rule 2 to suspend the Rules of Appellate Procedure and reach the merits of Defendant's argument.[1]

It is well settled in North Carolina that otherwise inadmissible evidence may be admissible if the door has been opened by the opposing party's examination of the witness. *See, e.g., State v.*

1. Though the majority opinion suggests that "the concurring opinion concedes that the result would be no different if we chose to invoke Rule 2 to suspend the rules," it should be noted that one judge on a three-judge panel cannot "concede" a result. Indeed, the majority's adherence to technical rules of procedure denies this incarcerated defendant an opportunity to determine how the judges in the majority here would decide this issue if they chose to reach the merits of his appeal. That is a manifest injustice.

*Baymon,* 336 N.C. 748, 752-53, 446 S.E.2d 1, 3 (1994). Here, Defendant opened the door as to his whereabouts when the trailer was searched; I would find no error by the trial court in allowing the prosecutor to ask follow-up questions related to his whereabouts, as such information was certainly relevant. *See State v. Bowman,* 349 N.C. 459, 480, 509 S.E.2d 428, 441 (1998) (finding a defendant opened the door to cross-examination by the State on his prior convictions by testifying about them on direct examination), *cert. denied,* 527 U.S. 1040, 144 L. Ed. 2d 802 (1999); N.C. Gen. Stat. § 8C-1, Rule 401 (2005) (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").