MARTHA ODOM, Guardian Ad Litem for SHERICKA WALLACE, Minor Child, Plaintiff,
v.
DOUGLAS H. CLARK, MD, PIEDMONT PRIMARY CARE, INC. f/k/a PIEDMONT PEDIATRIC CLINIC, P.A., and CMC-NORTHEAST, INC., Defendants.
No. COA07-775
North Carolina Court of Appeals
Filed January 15, 2008
This case not for publication
Ferguson Stein Chambers Gresham & Sumter, P.A. by William Simpson, James E. Ferguson, II, and Margaret Errington, for plaintiff-appellee.
Sharpless & Stavola, P.A., by Joseph M. Stavola and Joseph P. Booth, III, for defendant-appellant CMC-Northeast, Inc.
JACKSON, Judge.
CMC-Northeast, Inc.[1] ("defendant") appeals the denial of its motion to change venue entered 22 May 2007. For the reasons stated below, we dismiss. On 15 December 1989, Shericka Wallace was born at defendant's hospital in Cabarrus County. She was delivered by cesarean section after her umbilical cord prolapsed. At the time of her delivery, she was not breathing and her heart was not beating. Doctors were able to resuscitate her; however, she now has brain damage and other disabilities. Martha Odom ("plaintiff") is the duly appointed guardian ad litem appointed to represent her.
Plaintiff, a resident of Mecklenburg County, filed the instant medical malpractice suit in Mecklenburg County Superior Court on 5 October 2005. On 27 January 2006, defendant filed a motion for change of venue to Cabarrus County, pursuant to North Carolina General Statutes, sections 1-77 and 1-83. Defendant filed an amended motion on 1 May 2006. A hearing was held on 10 July 2006; however, the proceedings were stayed by order entered 7 August 2006, because not all defendants had been served in the matter. On 23 March 2007, service was effected on the remaining defendant, and the motion for change of venue was heard on 7 May 2007.
The trial court denied defendant's motion for change of venue by order filed 22 May 2007. Defendant appeals.
Before addressing the substance of defendant's appeal, we note that defendant has violated our Rules of Appellate Procedure. Our Appellate Rules are mandatory, and failure to comply with them subjects an appeal to dismissal. State v. Hart, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007).
The North Carolina Rules of Appellate Procedure require the argument to "contain a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented." N.C. R. App. P. 28(b)(6) (2007). Defendant's brief neither contains a statement of the applicable standard of review at the beginning of each question presented, nor under a separate heading at the beginning of the discussion of all the questions presented.
In addition to violating Rule 28, defendant has violated Rule 10. Subsection (c)(1) of Rule 10 provides in pertinent part,
Each assignment of error . . . shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.
N.C. R. App. P. 10(c)(1) (2007) (emphasis added). Defendant brought the following assignments of error in the record on appeal:
1. Rendition and entry of the Order of the Hon. Richard D. Boner rendered May 7, 2007 during the May 7, 2007 Civil Session of Mecklenburg County Superior Court denying Hospital's motion to change venue pursuant to G.S. §§ 1-77 and 1-83 as a matter of right in accordance with Rule 12(b)(3) of the North Carolina Rules of Civil Procedure. The Order was subsequently entered on May 22, 2007. (R. pp. 211-216).
2. Rendition and entry of the Order of the Hon. Richard D. Boner rendered May 7, 2007 during the May 7, 2007 Civil Session of Mecklenburg County Superior Court denying Hospital's motion to change venue pursuant to G.S. § 1-83 for convenience of the witnesses. The Order was subsequently entered on May 22, 2007. (R. pp. 211-216).
Pages 211-16 of the record contain the entire order from which defendant appeals, consisting of twenty findings of fact and three conclusions of law. Although these assignments of error alert our attention to the order from which defendant appeals, they do not alert us to any particular findings of fact defendant believes were not supported by the evidence, nor do they identify which conclusions of law were not supported by those findings of fact. The assignments of error also fail to alert us to the legal bases upon which error is assigned.
Defendant's assignments of error "essentially amount to no more than . . . allegation[s] that `the court erred because its ruling was erroneous.'" Walker v. Walker, 174 N.C. App. 778, 783, 624 S.E.2d 639, 642 (2005), disc. rev. denied, 360 N.C. 491, 632 S.E.2d 774 (2006). "Such . . . assignment[s] of error [are] designed to allow counsel to argue anything and everything they desire in their brief on appeal. `Th[ese] assignment[s]  like a hoop skirt  cover[] everything and touch[] nothing.'" Wetchin v. Ocean Side Corp., 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005) (quoting State v. Kirby, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970)).
Although this Court was reminded in Hart that not every rules violation requires dismissal, Hart, 361 N.C. at 311, 644 S.E.2d at 202, when the assignments of error are overly broad, as these are, appellate review is frustrated. See State v. Patterson, ___ N.C. App. ___, ___, 648 S.E.2d 250, 254 (2007) (dismissing assignment of error which objected to the admission of evidence, but stated no legal basis supporting the objection). Appellate review is further frustrated by defendant's failure to state the appropriate standard of review. Due to the scope and nature of defendant's Rules violations, we dismiss the appeal.
Dismissed.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] Pursuant to this Court's order allowing plaintiff's motion to substitute parties, "CMC-Northeast, Inc." has been substituted for the original defendant, "Cabarrus Memorial Hospital d/b/a Northeast Medical Center."