MARTHA ODOM, Guardian *Ad Litem* for SHERICKA WALLACE, Minor Child, Plaintiff v. DOUGLAS H. CLARK, MD, PIEDMONT PRIMARY CARE, INC. f/k/a PIEDMONT PEDIATRIC CLINIC, P.A., and CABARRUS MEMORIAL HOSPITAL d/b/a NORTHEAST MEDICAL CENTER, Defendants

No. COA07-775-2

(Filed 19 August 2008)

**1. Appeal and Error— appellate rules violations—sanction—double costs**

A review of defendant hospital's nonjurisdictional rules violations under N.C. R. App. P. 25 and 34 revealed that defendant's assignments of error constituted gross and substantial violations

of N.C. R. App. 10(c)(1), and double costs are assessed against defendant's attorney as a sanction.

**2. Appeal and Error— appealability—denial of motion for change of venue—statutory venue**

Although an appeal from the denial of a change of venue is an appeal from an interlocutory order, it is immediately appealable because the grant or denial of venue established by statute is deemed a substantial right.

**3. Venue— motion for change—county agency**

The trial court did not abuse its discretion by denying a change of venue in a medical malpractice case even though defendant hospital contends it was an agency of the pertinent county entitled to venue in that county based on the decision in *Sides*, 287 N.C. 14 (1975), because: (1) N.C.G.S. § 1-77 provides that an action against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office, or against a person who by his command or in his aid does anything touching the duties of such officer, is to be brought in the county where the cause of action arose; (2) the trial court concluded as a matter of law that defendant was not entitled to venue in the pertinent county as a matter of right since it was not a county agency within the meaning of N.C.G.S. § 1-77, and the unchallenged findings of fact indicated the trial court's careful consideration of those factors it considered in making its determination; (3) several statutory revisions have been made to the county hospital enabling statutes to diminish the ties between defendant and the county; (4) there were no outstanding county bonds, the hospital did not benefit from any county taxes, the hospital followed anti-discrimination policies, and the hospital's bylaws identified it as a private nonprofit corporate hospital; and (5) the trial court was required to change venue only upon appropriate findings that venue was improper, it made no such findings of fact, and those it made were supported by the evidence of record.

**4. Appeal and Error— appealability—denial of motion for change of venue—N.C.G.S. § 1-83**

Although defendant contends the trial court erred in a medical malpractice case by denying its motion for a change of venue under N.C.G.S. § 1-83, this assignment of error is not properly before the Court of Appeals because: (1) defendant acknowl-

edged that its appeal was from an interlocutory order; and (2) although defendant requested that the Court of Appeals treat his appeal as a petition for writ of certiorari for this issue, the Court declined to exercise its discretion to do so.

Judge TYSON concurring in part and dissenting in part.

On remand to the Court of Appeals from an order of the Supreme Court of North Carolina remanding the decision of this Court in *Odom v. Clark*, 188 N.C. App. 165, 654 S.E.2d 833 (2008) (unpublished) for reconsideration in light of the decision of *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Trans. Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008). Appeal by defendant hospital from an order entered 22 May 2007 by Judge Richard D. Boner in Mecklenburg County Superior Court. Originally heard in the Court of Appeals on 13 December 2007.

 *Ferguson Stein Chambers Gresham & Sumter, P.A. by William Simpson, James E. Ferguson, II, and Margaret Errington, for plaintiff-appellee.*

 *Sharpless & Stavola, P.A., by Joseph M. Stavola and Joseph P. Booth, III, for defendant-appellant CMC-Northeast, Inc.*

JACKSON, Judge.

This case is heard on remand from the Supreme Court. A more complete recitation of the facts may be found in the original opinion, *Odom v. Clark*, 188 N.C. App. 165, 654 S.E.2d 833, COA 07-775, 2008 WL 132127 (Jan. 15, 2008) (unpublished); however, for the convenience of the reader, a summary of the facts is set forth below.

Martha Odom ("plaintiff") is the duly appointed guardian *ad litem* of Shericka Wallace who suffered personal injuries related to her birth at Cabarrus Memorial Hospital, now operated by CMC-Northeast, Inc. ("defendant"). The original action was filed in Mecklenburg County where plaintiff resides; however, defendant filed a motion to change venue to Cabarrus County. The motion was denied and defendant appealed to this Court.

In our original opinion, we dismissed defendant's appeal for violations of the North Carolina Rules of Appellate Procedure. *Odom*, 188 N.C. App. 165, 654 S.E.2d 833, (2008). On 18 February 2008, defendant filed a petition for discretionary review in the North Carolina Supreme Court, arguing that this Court erred in dismissing the appeal for Rules violations. Subsequently, on 7 March 2008, the

Supreme Court issued its decision in *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Trans. Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008), which provided clarification as to when violations of our appellate rules warrant dismissal. On 11 March 2008, defendant filed a Memorandum of Additional Authority with the Supreme Court, citing the *Dogwood* decision. The Supreme Court allowed defendant's petition on 10 April 2008, for the limited purpose of remanding the matter to this Court for reconsideration in light of *Dogwood*. Therefore, we reconsider defendant's appeal in light of the *Dogwood* decision.

**[1]** Pursuant to *Dogwood*, we first must determine if defendant's non-jurisdictional rules violations are "gross" or "substantial" violations pursuant to North Carolina Rules of Appellate Procedure 25 and 34. If so, we may impose sanctions as directed by Rules 25 and 34. If we determine that the violations are so "gross" and "substantial" as to warrant dismissal, we are to consider whether the circumstances justify invoking Rule 2 to reach the merits of the case. *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367.

Defendant's appeal originally was dismissed primarily for violation of Rule 10(c)(1) which provides in relevant part:

> Each assignment of error . . . shall state plainly, concisely and without argumentation the *legal basis* upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the *particular error* about which the question is made, with clear and *specific* record or transcript references.

N.C. R. App. P. 10(c)(1) (2007) (emphasis added).

We held that defendant's assignments of error "essentially amount to no more than . . . allegation[s] that the court erred because its ruling was erroneous." *Odom*, 188 N.C. App. 165, 654 S.E.2d 833, 2008 WL 132127 at *2 (citation omitted). We noted that "Such . . . assignment[s] of error [are] designed to allow counsel to argue anything and everything they desire in their brief on appeal. Th[ese] assignment[s]—like a hoopskirt—cover[] everything and touch[] nothing." *Id.* (citations omitted). North Carolina courts historically have dismissed such assignments of error. *See State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970) (dismissing an assignment of error that was "based on numerous exceptions and attempt[ed] to present several separate questions of law—none of which are set out in the assignment itself—thus leaving it broadside and ineffective.");

*Calhoun v. WHA Med. Clinic, PLLC,* 178 N.C. App. 585, 602, 632 S.E.2d 563, 574 (2006) (declining to address assignment of error challenging findings as merely "contrary to law" because the assignment of error failed to properly preserve the issue for appeal), *disc. rev. denied,* 361 N.C. 350, 644 S.E.2d 5 (2007) ; *State v. Patterson,* 185 N.C. App. 67, 72-73, 648 S.E.2d 250, 254 (2007) (dismissing overly broad assignment of error as failing to comply with the North Carolina Rules of Appellate Procedure), *disc. rev. denied,* 362 N.C. 242, 660 S.E.2d 538 (2008). *See also Wetchin v. Ocean Side Corp.,* 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005) (invoking Rule 2 to reach merits despite defective assignment of error which failed to specify which of the court's three rulings was erroneous); *State v. Mullinax,* 180 N.C. App. 439, 443, 637 S.E.2d 294, 297 (2006) (noting that appeal could be dismissed for violating Rule 10(c)(1) but electing to invoke Rule 2 to prevent manifest injustice).

Because of this long tradition of dismissing such assignments of error, we determine that defendant's assignments of error constituted "gross" and "substantial" violations of Rule 10(c)(1). Therefore, we must determine what sanctions are appropriate.

*Dogwood* instructs that in most cases the appellate courts should impose less drastic sanctions than dismissal and reach the merits of the case. *Dogwood,* 362 N.C. at 198-99, 657 S.E.2d at 365-66. Although this Court traditionally has dismissed assignments of error such as those presented in this appeal, we proceed with caution in this remanded case and, instead, impose double costs against defendant's attorney. We direct the Clerk of this Court to enter an order accordingly.

The dissenting opinion concludes that mere monetary sanctions are insufficient and that dismissal is warranted in this case. However, we must conclude that the Supreme Court did not remand this case in order for us to reach the same conclusion we reached in our prior opinion. At the time this case was remanded, the Supreme Court had available for its review the prior decision of this Court—dismissing the appeal for inadequate assignments of error, the same basis upon which the dissent still proposes to dismiss the appeal. It strains credulity to believe that our Supreme Court, having reviewed defendant's petition and our prior decision, would have remanded this matter anticipating that we again would reach the same conclusion. Were that the case, notions of judicial economy would have dictated that the Supreme Court deny discretionary review.

ODOM v. CLARK

[192 N.C. App. 190 (2008)]

Defendant first argues that the trial court erred in denying a change of venue, because it is entitled to remain in Cabarrus County pursuant to North Carolina General Statutes, section 1-77. We disagree.

**[2]** We note that ordinarily an order denying a change of venue is deemed interlocutory and is not subject to immediate appeal. *See Frink v. Batten*, 184 N.C. App. 725, 727, 646 S.E.2d 809, 811 (2007) ("the order denying the motion to change venue is an interlocutory order"). However, because the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable. *Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) (citations omitted).

**[3]** "[W]hen the venue where the action was filed is not the proper one, the trial court does not have discretion, but must upon a timely motion *and upon appropriate findings* transfer the case to the proper venue." *Cheek v. Higgins*, 76 N.C. App. 151, 153, 331 S.E.2d 712, 714 (1985) (emphasis added). Here, defendant has not challenged any of the trial court's findings of fact. "Findings of fact not challenged by an exception or assignment of error are binding on appeal." *Griffis v. Lazarovich*, 164 N.C. App. 329, 332, 595 S.E.2d 797, 800 (2004) (citing *Tinkham v. Hall*, 47 N.C. App. 651, 653, 267 S.E.2d 588, 590 (1980)).

Pursuant to North Carolina General Statutes, section 1-77, an action "[a]gainṣt a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office[,] or against a person who by his command or in his aid does anything touching the duties of such officer[,]" is to be brought in the county where the cause of action arose. N.C. Gen. Stat. § 1-77(2) (2005). In *Coats v. Hospital*, 264 N.C. 332, 141 S.E.2d 490 (1965), our Supreme Court held that a corporate hospital was an agency of Sampson County for purposes of venue. *Id.* at 334, 141 S.E.2d at 492. In determining whether a corporate entity should be treated as an agency of local government, "we . . . must look at the nature of the relationship between the [corporation] and the county[.]" *Publishing Co. v. Hospital System, Inc.*, 55 N.C. App. 1, 11, 284 S.E.2d 542, 548 (1981), *cert. denied*, 459 U.S. 803, 74 L. Ed. 2d 42 (1982).

In 1975, the Supreme Court engaged in a detailed analysis to conclude that defendant's predecessor in interest—Cabarrus Memorial Hospital—was an agency of Cabarrus County. *See Sides v. Hospital*, 287 N.C. 14, 20, 213 S.E.2d 297, 301 (1975) ("we hold that Cabarrus

Memorial Hospital is an agency of Cabarrus County"). Defendant's contention in *Sides* was that it was not an agency of Cabarrus County, but rather an agency of the State of North Carolina. *Id.* at 16, 213 S.E.2d at 299.

In the instant case, defendant contends that it is an agency of Cabarrus County entitled to venue in Cabarrus County pursuant to the *Sides* decision. The trial court concluded as a matter of law that defendant was not entitled to venue in Cabarrus County as a matter of right because it was not a county agency within the meaning of section 1-77. The unchallenged findings of fact indicate the trial court's careful consideration of those factors it considered in making this determination. Since the *Sides* decision, several statutory revisions have been made to the Cabarrus Memorial Hospital enabling statutes, diminishing the ties between defendant and Cabarrus County.

For example, in 1981, the medical staff of the hospital was given the ability to nominate two practicing physicians to serve as honorary and advisory members of the executive committee of the hospital's board of trustees. An Act to Modify the Powers and Duties of Cabarrus Memorial Hospital, 1981 N.C. Sess. Laws 277, s. 1. Also in 1981, the treasurer of the executive committee was no longer required to be the county treasurer. *Id.* at s. 2. The hospital also was exempted from Chapter 159 of the General Statutes relating to permissible investments and Chapter 160A with respect to certain private leases. *Id.* at s. 3.

In 1989, further statutory revisions fully exempted the hospital and its executive committee from the provisions of Chapter 159 and any other statutory provisions relating to public hospitals so long as (1) the hospital held no outstanding county bonds, (2) no county taxes were levied for the hospital's direct benefit, and (3) the hospital did not discriminate, thus allowing the hospital to operate in the same manner as a private, non-profit corporate hospital. An Act Relating to Cabarrus Memorial Hospital, 1989 N.C. Sess. Laws 982, s. 1. There are no outstanding county bonds; the hospital does not benefit from any county taxes; and the hospital follows anti-discrimination policies. The hospital's bylaws identify it as a private, non-profit corporate hospital.

The trial court was required to change venue only upon appropriate findings that venue in Mecklenburg County was improper. Because the trial court made no such findings of fact, and those it made were supported by the evidence of record, there was no error.

**[4]** Defendant also argues that the trial court erred in denying its motion for a change of venue pursuant to North Carolina General Statutes, section 1-83. This assignment of error is not properly before this Court.

Appellants have the burden of showing that an appeal is proper. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam). "[N]o appeal lies to an appellate court from an interlocutory judgment unless that ruling deprives the appellant of a substantial right which it would lose if the ruling were not reviewed before final judgment." *State ex rel. Employment Security Comm. v. IATSE Local 574*, 114 N.C. App. 662, 663-64, 442 S.E.2d 339, 340 (1994) (citing *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983)). Defendant acknowledges that its appeal from the trial court's denial to change venue pursuant to North Carolina General Statutes, section 1-83 is interlocutory and not entitled to immediate appeal. Although defendant requests that we treat his appeal as a petition for a writ of *certiorari* as to this assignment of error, we decline to exercise our discretion to do so at this time.

Affirmed.

Judge TYSON concurs in part and dissents in part in a separate opinion.

Judge ARROWOOD concurs.

TYSON, Judge concurring in part and dissenting in part.

I concur in that portion of the majority's opinion which: (1) holds Cabarrus Memorial Hospital d/b/a Northeast Medical Center's ("defendant") assignments of error constituted "gross" and "substantial" violations of Appellate Rule 10(c)(1); (2) holds defendant's appeal of the trial court's denial of defendant's motion for a change of venue for convenience of the witnesses to be interlocutory; and (3) declines to treat defendant's appeal of the trial court's denial of defendant's motion for a change of venue for convenience of the witnesses as a petition for writ of *certiorari*.

I disagree with that portion of the majority's opinion which imposes a sanction of double costs against defendant's attorney. I vote to dismiss defendant's unperfected and contradictory arguments on the remaining issue and respectfully dissent.

## I. Interlocutory Appeal

The majority's opinion correctly states, defendant conceded in its brief that its appeal of the trial court's denial of its "motion to change venue for convenience of witnesses is interlocutory and denial of such a motion does not necessarily affect a substantial right entitling a party to an immediate appeal." Defendant's assignment of error numbered 2 is properly dismissed as interlocutory.

## II. Defendant's Remaining Assignment of Error

With the dismissal of defendant's assignment of error numbered 2 as interlocutory, only one purported assignment of error remains:

1. Rendition and entry of the Order of the Hon. Richard D. Boner rendered May 7, 2007 during the May 7, 2007 Civil Session of Mecklenburg County Superior Court denying [defendant]'s motion to change venue pursuant to G.S. §§ 1-77 and 1-83 as a matter of right in accordance with Rule 12(b)(3) of the North Carolina Rules of Civil Procedure. The Order was subsequently entered on May 22, 2007. (R. pp. 211-216).

Many previous cases have addressed similar unperfected and contradictory assignments of error. "This assignment-like a hoop-skirt-covers everything and touches nothing." *State v. Kirby*, 276 N.C. 123, 131, 171 S.E.2d 416, 422 (1970). I concur with the majority's opinion that this violation of Appellate Rule 10(c)(1) "rise[s] to the level of a 'substantial failure' or 'gross violation.' " *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008).

As the majority's opinion correctly notes, "North Carolina courts historically have dismissed such assignments of error." (Citing *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422, *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 602, 632 S.E.2d 563, 574 (2006); *State v. Patterson*, 185 N.C. App. 67, 72-73, 648 S.E.2d 250, 254 (2007); *Wetchin v. Ocean Side Corp.*, 167 N.C. App. 756, 759, 606 S.E.2d 407, 409 (2005); *State v. Mullinax*, 180 N.C. App. 439, 443, 637 S.E.2d 294, 297 (2006)). Consistent with our Supreme Court's reasoning in *Kirby*, and this Court's numerous precedents, defendant's "broadside and ineffective[]" assignment of error numbered 1 is unperfected, contradictory, vague, and should be dismissed. 276 N.C. at 131, 171 S.E.2d at 422. The majority's opinion erroneously holds that a sanction of double costs should be imposed against defendant's counsel under Appellate Rule 34(b).

Having determined that defendant's "broadside and ineffective[]" assignment of error numbered 1 should be dismissed, I turn to "whether the circumstances of the case justify invoking [Appellate] Rule 2 . . . ." *Id.*; *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367.

Appellate Rule 2 states:

To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2007).

In *Dogwood*, our Supreme Court stated, Appellate Rule 2 "may only [be invoked] on rare occasions and under exceptional circumstances . . . ." 362 N.C. at 201, 657 S.E.2d at 367 (citation omitted). " 'Rule 2 relates to the residual power of [the] appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest or to prevent injustice which appears manifest to the [c]ourt and *only in such instances.*' " *State v. Hart*, 361 N.C. 309, 315-16, 644 S.E.2d 201, 205 (2007) (quoting *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999)) (emphasis supplied).

Before exercising [Appellate] Rule 2 to prevent a manifest injustice, both this Court and the Court of Appeals must be cognizant of the appropriate circumstances in which the extraordinary step of suspending the operation of the appellate rules is a viable option. Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority.

*Id.* at 317, 644 S.E.2d at 206.

The decision whether to invoke Appellate Rule 2 is purely discretionary and is to be limited to "rare occasions" in which a fundamental purpose of the appellate rules is at stake. *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367. Appellate Rule 2 is most consistently invoked to prevent manifest injustice in appeals in which the substantial rights of a criminal defendant are affected. *Hart*, 361 N.C. at 316, 644

S.E.2d at 205 (citing *State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984)).

Nothing in the record or briefs demonstrates and defendant has failed to show any "exceptional circumstances" to suspend or vary the rules in order "to prevent manifest injustice to a party, or to expedite decision in the public interest." *Id.* at 315-16, 644 S.E.2d at 205 (citation omitted). There is no basis to exercise our discretion to invoke Appellate Rule 2 to review defendant's assignment of error numbered 1. *Dogwood*, 362 N.C. at 201, 657 S.E.2d at 367. Defendant's assignment of error numbered 1 presents no meritorious issue for this Court to consider and should be dismissed as "broadside and ineffective." *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422.

Here, our Supreme Court's order, which remanded this case to this Court, stated *in toto*:

Defendant's (Cabarrus Memorial Hospital) Petition for Discretionary Review is allowed for the limited purpose of remanding this matter to the Court of Appeals for reconsideration in light of *Dogwood Development and Management Co., LLC v. White Oak Transport Co., Inc.*, 362 N.C. 191, 657 S.E.2d 361 (2008).

By order of the Court in Conference, this 10th day of April, 2008.

*Odom v. Clark*, 362 N.C. 360, 661 S.E.2d 736, 736 (2008).

Our analysis on remand is entirely different from that originally articulated by this Court in *Odom v. Clark*, 188 N.C. App. 165, 654 S.E.2d 833 (2008) (unpublished). On remand, defendant's appeal of the trial court's denial of defendant's motion for a change of venue for convenience of witnesses is evaluated on the merits and is dismissed as interlocutory. This Court did not conduct this analysis in its original opinion. *See id.* Defendant's remaining assignment of error is then properly analyzed "in light of *Dogwood Development and Management Co., LLC v. White Oak Transport Co., Inc.*, 362 N.C. 191, 657 S.E.2d 361 (2008)[]" as requested by our Supreme Court. *Odom*, 362 N.C. at 360, 661 S.E.2d at 736. Nothing in our Supreme Court's order on remand or in *Dogwood* validates "hoopskirt" assignments of error nor alters the Supreme Court's precedent in *Kirby* or this Court's numerous precedents cited above. *Dogwood*, 362 N.C. at 191, 657 S.E.2d at 361; *Kirby*, 276 N.C. at 123, 171 S.E.2d at 416.

### III. Conclusion

I concur that defendant's appeal of the trial court's denial of its motion for a change of venue for convenience of witnesses is inter-

locutory and agree not to view defendant's appeal as a petition for writ of *certiorari*. The majority's opinion also correctly concludes that defendant's remaining assignment of error constitutes a "gross" and "substantial" violation of Appellate Rule 10(c)(1).

Defendant's remaining assignment of error with regard to its motion for a change of venue based on a matter of right is "broadside and ineffective[]" and should be dismissed. *Kirby*, 276 N.C. at 131, 171 S.E.2d at 422; *see also Calhoun*, 178 N.C. App. at 602, 632 S.E.2d at 574; *Patterson*, 185 N.C. App. at 72-73, 648 S.E.2d at 254. I concur in part and respectfully dissent in part.