STATE OF NORTH CAROLINA v. ELGIN ORLANDAS HART

No. 446A06

(Filed 4 May 2007)

## 1. Appeal and Error— appellate rules violation—dismissal not required

Any interpretation of prior cases to require dismissal in every case in which there is a violation of the Appellate Rules is disavowed. Language that an appeal is "subject to" dismissal for rules violations means that dismissal is a possible sanction, not that an appeal shall be dismissed for any violation.

## 2. Appeal and Error— assignment of error—different legal basis in argument—overbroad language

An assignment of error that a police officer's testimony constituted an opinion on an ultimate issue did not provide a basis for a different argument, that the testimony violated Rule 701 (personal knowledge of the witness). The remainder of the assignment of error (that the testimony otherwise violated the Rules of Evidence and denied defendant a fair trial) was too broad and thus ineffectual.

## 3. Appeal and Error— Rule 2—may be applied by Court of Appeals—caution required

*Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, does not mean that the Court of Appeals cannot apply Appellate Rule 2 to suspend or vary the requirements or provisions of the rules to prevent manifest injustice or to expedite a decision. However, Rule 2 must be applied cautiously; fundamental fairness and the predictable operation of the courts for which the Rules of Appellate Procedure were designed depend upon the consistent exercise of that authority.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 179 N.C. App. ——, 633 S.E.2d 102 (2006), finding no error in a judgment entered on 13 May 2005 by

Judge D. Jack Hooks, Jr. in Superior Court, Lenoir County. Heard in the Supreme Court 14 February 2007.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for defendant-appellant.*

HUDSON, Justice.

In September 2003 defendant was indicted in Lenoir County for possession with intent to sell and deliver cocaine, keeping and maintaining a dwelling for the use of cocaine, and possession of marijuana, and for having attained habitual felon status. On 13 May 2005, a jury convicted defendant of the three drug offenses, after which defendant pleaded guilty to being an habitual felon. The trial court sentenced defendant to an active term within the presumptive range. Defendant appealed to the Court of Appeals. In a divided opinion issued on 1 August 2006, *State v. Hart*, 179 N.C. App. 30, 633 S.E.2d 102 (2006), the Court of Appeals found no error at trial. Defendant filed his appeal of right based on the dissenting opinion. We affirm in part, reverse in part, and remand to the Court of Appeals.

On appeal, defendant made fourteen assignments of error, five of which he argued in his brief to the Court of Appeals. The dissenting opinion only addressed the majority's decision to dismiss one of defendant's arguments for violations of the Rules of Appellate Procedure. The dissent presents the only issue before this Court.

At trial, a police officer testified over defense counsel's objection that a razor blade taped to cardboard and seized near defendant was a "crack pipe." Although defendant assigned error to this testimony, the majority opinion concluded that the pertinent assignment of error violated Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure and thus was "beyond the scope of appellate review"; as a result, the court did not address the merits of this argument. The dissent maintained that the assignment of error at issue, although perhaps "technically deficient," essentially complied with Rule 10(c)(1) and that even if the assignment were technically deficient, the court was not required to dismiss it, but could exercise its discretion under Rule 2 to review the assignment on the merits.

[1] Although we will address the Court of Appeals' Rule 10(c)(1) analysis below, we must first address whether the Court of Appeals

may review an appeal if there are any violations of the Rules of Appellate Procedure. We note at the outset that the State did not mention any appellate rules violation in the Court of Appeals, but that the court raised that issue on its own, which it was not required to do.

It is well settled that the Rules of Appellate Procedure "are mandatory and not directory." *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005) (quoting *State v. Fennell*, 307 N.C. 258, 263, 297 S.E.2d 393, 396 (1982) (citation and internal quotation marks omitted)); *Pruitt v. Wood*, 199 N.C. 788, 789, 156 S.E. 126, 127 (1930) (citing *Calvert v. Carstarphen*, 133 N.C. 59, 60, 133 N.C. 25, 27, 45 S.E. 353, 354 (1903)). Thus, compliance with the Rules is required. *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (per curiam); *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). However, every violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure.

In order to correct the misapplication of our *Viar* decision, a review of the pertinent opinions is essential. In *Steingress*, this Court stated that violation of the mandatory rules "will subject an appeal to dismissal." 350 N.C. at 65, 511 S.E.2d at 299. Thereafter, in *Viar*, we held that the Court of Appeals acted improperly when it reviewed issues not raised or argued by the appellant. 359 N.C. at 402, 610 S.E.2d at 361. Deciding the case on the basis of issues appellant did not present, the Court of Appeals majority in *Viar* reversed the decision of the Industrial Commission denying a tort claim, holding that certain findings and conclusions were not supported by the evidence. 162 N.C. App. 362, 590 S.E.2d 909 (2004). The majority justified its action by saying that "[the Court of Appeals] may suspend or vary the requirements of the rules to 'prevent manifest injustice,' N.C. R. App. P. 2, or 'as a matter of appellate grace.' *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 288, 266 S.E.2d 812, 814 (1980)." *Id.* at 375, 590 S.E.2d at 919. The dissent argued that the court should have dismissed the appeal because the appellant's arguments bore no relationship to its assignments of error. *Id.* at 378-79, 590 S.E.2d at 921-22 (Tyson, J., dissenting).

This Court reversed per curiam, explaining as follows:

> The majority opinion in the Court of Appeals, recognizing the flawed content of plaintiff's appeal, applied Rule 2 of the Rules of Appellate Procedure to suspend the Rules. The majority opinion

then addressed the issue, not raised or argued by plaintiff, which was the basis of the Industrial Commission's decision, namely, the reasonableness of defendant's decision to delay installation of the median barriers. The Court of Appeals majority asserted that plaintiff's Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process. It is not the role of the appellate courts, however, to create an appeal for an appellant.

359 N.C. at 402, 610 S.E.2d at 361 (citation omitted). This Court then dismissed the appeal for the reasons stated in its per curiam opinion, as well as for the reasons stated in the Court of Appeals dissent which addressed the Rules violations. *Id.*

Subsequently, in *State v. Buchanan,* 170 N.C. App. 692, 613 S.E.2d 356 (2005), the Court of Appeals misinterpreted and improperly extended *Viar* when it opened with the following:

Recently, in *Viar v. N.C. Dep't of Transp.,* our Supreme Court admonished this Court to avoid applying Rule 2 of the Rules of Appellate Procedure even in instances where a party's "Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process." . . . Because we are constrained to follow the dictates of *Viar,* we must hold that Defendant's failure to comply with Rule 10(b) by failing to renew his Motion to Dismiss at the close of all evidence mandates a dismissal of this appeal.

170 N.C. App. at 693, 613 S.E.2d at 356 (citation omitted). Later in the opinion, the court said:

In *Viar,* our Supreme Court stated that this Court may not review an appeal that violates the Rules of Appellate Procedure even though such violations neither impede our comprehension of the issues nor frustrate the appellate process.

*Id.* at 695, 613 S.E.2d at 357 (citation omitted). These excerpts reveal that the Court of Appeals in *Buchanan* misapplied the holding of this Court's *Viar* decision. In *Viar,* we neither admonished the Court of Appeals to avoid applying Rule 2, nor did we state that the court may not review an appeal that violates the Rules, even when rules violations "d[o] not impede comprehension of the issues on appeal or frustrate the appellate process." 359 N.C. at 402, 610 S.E.2d at 361. We simply noted that the Court of Appeals majority had justified its application of Rule 2 in *Viar* by using that phrase. Rather

than approving this justification for applying Rule 2 to that scenario, we rejected it and dismissed the *Viar* appeal. In so doing, we held that the Court of Appeals improperly applied Rule 2 when it created an appeal for the appellant and addressed issues not raised or argued.

We also addressed appellate rules violations in *Munn v. N.C. State Univ.*, 360 N.C. 353, 626 S.E.2d 270 (2006) (per curiam), *rev'g* 173 N.C. App. 144, 617 S.E.2d 335 (2005). In *Munn*, the plaintiff raised two assignments of error. One, not pertinent here, related to the award of damages. The other stated: "Denial of Plaintiff's Motion for Judgment Notwithstanding the Verdict on the ground that the jury disregarded the Court's instructions on contract damages." 173 N.C. App. at at 151, 617 S.E.2d at 339 (Jackson, J., dissenting). Because the assignments of error failed to refer to the record or transcript and because the plaintiff did not object to the jury charge or assign it as error, we adopted the dissent's position that the majority improperly considered the merits of the issue on appeal. 360 N.C. at 354, 626 S.E.2d at 271. Although the dissent in *Munn* correctly analyzed the plaintiff's failures to comply with Rule 10, by adopting that dissent we did not intend to adopt the *Buchanan* analysis cited therein.

To clarify, when this Court said an appeal is "subject to" dismissal for rules violations, it did not mean that an appeal *shall be* dismissed for any violation. *See Black's Law Dictionary* 1466 (8th ed. 2004) (defining "subject to liability" as "susceptible to a lawsuit"). Rather, "subject to" means that dismissal is one possible sanction. By quoting this language from *Steingress* in *Viar*, we did not intend thereby to imply that all rules violations mandate automatic dismissal. To the extent that the Court of Appeals has interpreted *Steingress, Viar,* and *Munn* to require dismissal in every case in which there is a violation of the Rules of Appellate Procedure, we expressly disavow this interpretation.

**[2]** Here, after conducting what it believed to be a mandatory review of defendant's compliance with the appellate rules, the Court of Appeals majority found a violation of Rule 10(c)(1). Because the dissenting opinion and defendant's brief contend that defendant did not violate Rule 10(c)(1), the issue of whether the majority correctly concluded that defendant violated Rule 10(c)(1) is squarely before this Court.

Rule 10(c)(1) of the Rules of Appellate Procedure, entitled "Assignments of Error. Form; Record References," states in part:

A listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal, in short form without argument, and shall be separately numbered. Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

N.C. R. App. P. 10(c)(1). Defendant's assignment of error number four reads:

4. The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a "crack pipe", as such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion, otherwise violated the N.C. Rules of Evidence, and denied defendant due process, a fair trial and his legal and constitutional rights.

In defendant's brief to the Court of Appeals, the argument heading related to this assignment of error reads: "The trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a 'crack pipe', as such testimony violated the N.C. Rules of Evidence, and denied defendant due process and a fair trial." Defendant then argued in his brief that the officer's lay testimony that an object was a "crack pipe" violated Rule 701 of the North Carolina Rules of Evidence. Defendant maintained that the State did not show that the officer had personal knowledge for his testimony or that his opinion was "rationally based on the perception of the witness." N.C.G.S. § 8C-1, Rule 701 (2005). However, when addressing this argument, the majority opinion concluded: "Nowhere in defendant's assignment of error does he assign error on this specific basis; rather, he states generally that the challenged testimony 'otherwise violated the N.C. Rules of Evidence.' " The majority opinion further concluded that "this assignment of error is broad, vague, and unspecific," "fails to identify the issues on appeal," and "would allow defense counsel to argue on appeal any and every violation of the North Carolina Rules of Evidence." *Hart*, —— N.C. App. at ——, 633 S.E.2d at 107. We agree that defendant's fourth assignment of error fails to satisfy the requirements of Rule 10(c)(1).

Although on its face the assignment of error states a "particular" alleged error (that the "trial court erred in overruling defendant's objection as to the officer's testimony that certain evidence constituted a 'crack pipe' ") and states a "legal basis upon which [the] error [was] assigned" (that "such testimony constituted an opinion as to an ultimate issue for the jury and a legal conclusion"), defendant presented a different legal argument before the Court of Appeals, namely that the lay opinion testimony regarding the alleged "crack pipe" should not have been admitted because the testimony violated Rule 701. Thus, defendant's fourth assignment of error does not provide "the legal basis" for an argument that the testimony at issue violated Rule 701. Moreover, the Court of Appeals majority opinion correctly concluded that the remainder of this assignment of error, that the testimony "otherwise violated the N.C. Rules of Evidence, and denied defendant due process, a fair trial and his legal and constitutional rights," is too broad and thus ineffectual. *E.g.*, *Hines v. Frink*, 257 N.C. 723, 729, 127 S.E.2d 509, 514 (1962). Thus, we affirm the majority opinion's conclusion that assignment of error number four failed to comply with North Carolina Rule of Appellate Procedure 10(c)(1).

**[3]** Appellate Rule 2 specifically gives "either court of the appellate division" the discretion to "suspend or vary the requirements or provisions of any of [the] rules" in order "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest." N.C. R. App. P. 2. Although this Court concluded in *Viar* that the Court of Appeals improperly applied Rule 2 under those particular circumstances, 359 N.C. at 402, 610 S.E.2d at 361, the *Viar* holding does not mean that the Court of Appeals can no longer apply Rule 2 at all. Here, in response to the dissent's suggestion that the Court of Appeals exercise discretion under Rule 2, the majority opinion held it could not apply Rule 2. *Hart*, —— N.C. App. at ——, 633 S.E.2d at 107.

Because we disavow this interpretation, which led the majority below to conclude incorrectly that the Court of Appeals had no authority to apply Rule 2, we reverse this portion of the majority opinion. In so doing, we note that Rule 2 must be applied cautiously. The text of Rule 2 provides two instances in which an appellate court may waive compliance with the appellate rules: (1) "[t]o prevent manifest injustice to a party"; and (2) "to expedite decision in the public interest." N.C. R. App. P. 2. "While it is certainly true that Rule 2 has been and may be so applied in the discretion of the Court, we reaffirm that Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of im-

portance in the public interest or to prevent injustice which appears manifest to the Court and only in such instances." *Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300 (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)).

When the North Carolina Rules of Appellate Procedure were adopted by this Court, the rules drafting committee saw fit to note that Rule 2 "expresses an obvious residual power possessed by any authoritative rule-making body to suspend or vary operation of its published rules in specific cases *where this is necessary to accomplish a fundamental purpose of the rules.*" N.C. R. App. P. 2 drafting comm. comment., *reprinted in* 287 N.C. 680 (1975) (emphasis added). Thus, the exercise of Rule 2 was intended to be limited to occasions in which a "fundamental purpose" of the appellate rules is at stake, which will necessarily be " 'rare occasions.' " *See Reep v. Beck*, 360 N.C. at 38, 619 S.E.2d at 500 (citing and quoting *Blumenthal*, 315 N.C. at 578, 340 S.E.2d at 362; *see also Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300 (noting that Rule 2 should only be used in "exceptional circumstances").

While an appellate court has the discretion to alter or suspend its rules, exercise of this discretion should only be undertaken with a view toward the greater object of the rules. This Court has tended to invoke Rule 2 for the prevention of "manifest injustice" in circumstances in which substantial rights of an appellant are affected. *See State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984) (per curiam) ("In view of the gravity of the offenses for which defendant was tried and the penalty of death which was imposed, we choose to exercise our supervisory powers under Rule 2 of the Rules of Appellate Procedure and, in the interest of justice, vacate the judgments entered and order a new trial."); *see also* Alan D. Woodlief, Jr., *Shuford North Carolina Civil Practice and Procedure* § 88:10 (6th ed. 2003).

Although this Court has exercised Rule 2 in civil cases, *see, e.g., Potter v. Homestead Pres. Ass'n*, 330 N.C. 569, 576, 412 S.E.2d 1, 5 (1992) (exercising Rule 2 in an action for breach of contract and quantum meruit involving application of the statute of frauds to a partnership's ownership of real property), and *Whitley's Elec. Serv., Inc. v. Sherrod*, 293 N.C. 498, 500, 238 S.E.2d 607, 609 (1977) (exercising Rule 2 in a collections action involving application of the statute of limitations to an accounting for money claimed to be due for services rendered), the Court has done so more frequently in the criminal context when severe punishments were imposed. *See, e.g.,*

*State v. Moore*, 335 N.C. 567, 612, 440 S.E.2d 797, 823, *cert. denied*, 513 U.S. 898, 115 S. Ct. 253, 130 L. Ed. 2d 174 (1994); *State v. Booher*, 305 N.C. 554, 564, 290 S.E.2d 561, 566 (1982); *State v. Poplin*, 304 N.C. 185, 186-87, 282 S.E.2d 420, 421 (1981); *State v. Adams*, 298 N.C. 802, 804, 260 S.E.2d 431, 432 (1979).

Before exercising Rule 2 to prevent a manifest injustice, both this Court and the Court of Appeals must be cognizant of the appropriate circumstances in which the extraordinary step of suspending the operation of the appellate rules is a viable option. Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority. Furthermore, inconsistent application of the Rules may detract from the deference which federal habeas courts will accord to their application. Although a petitioner's failure to observe a state procedural rule may constitute an "adequate and independent state ground[]" barring federal habeas review, *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S. Ct. 2497, 2503, 53 L. Ed. 2d 594, 604 (1977), a state procedural bar is not "adequate" unless it has been "consistently or regularly applied." *Johnson v. Mississippi*, 486 U.S. 578, 589, 108 S. Ct. 1981, 1988, 100 L. Ed. 2d 575, 586 (1988). Thus, if the Rules are not applied consistently and uniformly, federal habeas tribunals could potentially conclude that the Rules are not an adequate and independent state ground barring review. Therefore, it follows that our appellate courts must enforce the Rules of Appellate Procedure uniformly.

We remand this case to the Court of Appeals for consideration of whether to exercise such discretion and whether other sanctions should be imposed pursuant to appellate Rule 25(b) or Rule 34.[1]

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

---

1. We note that current appellate counsel did not represent defendant in the Court of Appeals or at trial.