JULIE ORD, EMPLOYEE/PLAINTIFF v. IBM, EMPLOYER, LIBERTY MUTUAL INSURANCE, CARRIER/DEFENDANTS

No. COA06-1318

(Filed 3 July 2007)

**Appeal and Error— multiple rules violations—dismissal— appellate review frustrated—Rule 2 not invoked**

An appeal was dismissed for multiple violations of the appellate rules, including failure to argue specific findings and conclusions, failure to cite supporting arguments, failure to refer to assignments of error pertinent to the question presented, failure to identify page numbers where the assignments of error appear, and failure to include a statement of the grounds for appellate review. Rule 2 was not invoked since the outcome would be no different and the violations were so serious as to fundamentally frustrate appellate review.

Judge WYNN concurring in the result.

Appeal by plaintiff from opinion and award entered 26 April 2006 by the North Carolina Industrial Commission. Heard in the Court of Appeals 24 April 2007.

*Julie Ord, pro se.*

*Cranfill, Sumner & Hartzog, L.L.P., by P. Collins Barwick, III, and Jaye E. Bingham, for defendants-appellees.*

CALABRIA, Judge.

Julie Ord ("plaintiff") appeals from an opinion and award of the Industrial Commission. Since plaintiff has committed numerous violations of the North Carolina Rules of Appellate Procedure, and we decline to invoke our discretionary authority under N.C. R. App. P. 2 (2006), we dismiss the appeal.

Plaintiff worked as a financial analyst for IBM Corp. ("IBM") in April of 2000 when a flood occurred in her building. The flood occurred on a Sunday, when plaintiff was not at work. On the evening of the flood, the IBM and property management team opened doors, placed fans, and vacuumed the water. Subsequently, contractors removed all water-damaged material including but not limited to the carpet in the affected area. In addition, all employees who worked in the affected areas were relocated to other buildings.

IBM collected carpet and wallboard samples, as well as air samples, and the samples were analyzed at Research Triangle Institute. The samples from the wallboard had organisms at a level lower than the limits of detection, while samples of the carpet were at a level slightly above the limits of detection. The air samples revealed three locations with small visible colonies of fungal growth. However, only one indoor sample contained more mold-causing organisms than those detected in outdoor samples.

Plaintiff testified that she first experienced vertigo on 4 May 2000. She also experienced a number of other symptoms, including driving problems, cognitive problems, confusion, tingling in her arms and legs, congestion, nausea, diarrhea, irritability, shortness of breath, chest tightness, fever, and depression. In addition, plaintiff testified that she experienced serious memory problems.

Following a hearing, the deputy commissioner determined that plaintiff had not carried her burden to prove that she suffered an occupational injury or disease and denied her claim under the North Carolina Workers' Compensation Act. Plaintiff appealed to the full commission and the commission affirmed the judgment of the deputy commissioner. From that opinion and award, entered on 25 January 2006, plaintiff appeals.

On appeal, plaintiff argues the commission erred in its findings of facts and conclusions of law. However, we do not reach the merits of plaintiff's argument because plaintiff has committed several major violations of the North Carolina Rules of Appellate Procedure. Without invoking Rule 2, in our discretion, we conclude that her appeal should be dismissed.

The Rules of Appellate Procedure set forth what is required in an appellant's brief. The rules provide that the brief must contain:

> (6) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. *Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.*

N.C. R. App. P. 28(b)(6) (2005) (emphasis supplied).

Here, plaintiff assigns error to numerous findings and conclusions, but fails to argue specific findings and conclusions. She also fails to cite any authority in support of her arguments. In addition, plaintiff has failed to reference the assignments of error pertinent to each question presented, and has failed to identify the page numbers in the record where such assignments appear. Finally, plaintiff failed to include a statement of grounds for appellate review in her brief, as required by N.C. R. App. P. 28(b)(4) (2005) ("Such statement shall include citation of the statute or statutes permitting appellate review.").

"[T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar v. N.C. DOT*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). We are mindful that our Supreme Court, in *State v. Hart*, 361 N.C. 309, —— S.E.2d —— (2007) recently noted that we may use N.C. R. App. P. 2 to suspend the rules in order to prevent "manifest injustice." However, we do not agree with the concurring opinion that the rules should be suspended in this case since manifest injustice will not result in our decision to dismiss the appeal. The concurring opinion concedes that if we chose to invoke Rule 2 and suspend the rules, the

outcome would be no different. Further, the rule violations are so serious as to fundamentally frustrate appellate review. In light of this, we conclude plaintiff's appeal should be dismissed.

Dismissed.

Judge TYSON concurs.

Judge WYNN concurs in a separate opinion.

WYNN, Judge, concurring in the result.

Plaintiff Julie Ord's assignments of error take up thirteen pages of the record and essentially include her arguments on appeal. Because it is relatively straightforward to follow her argument from her assignments of error, I would not dismiss her appeal. Rather, I would reach the merits and render to this citizen "access to justice" for her appeal.

Moreover, it is easier to provide this *pro se* litigant with a substantive answer to her appeal rather than engage in a protracted discussion as to the reasons not to reach the merits, such as her technical violations of our appellate rules. Indeed, I would provide the answer to her appeal in one simple paragraph:

> Plaintiff Julie Ord appeals from an adverse ruling of the Industrial Commission asking this Court to establish "by a greater weight of the evidence" that she should prevail on her worker's compensation claim. Though her appeal contains numerous violations of our Rules of Appellate Procedure, we invoke review under Rule 2 and summarily conclude that under the standard of review for worker's compensation appeals, we may not reweigh the evidence on appeal. Accordingly, the Opinion and Award of the Full Commission is affirmed.

Notwithstanding the rules violations, Ms. Ord's argument on appeal is clear. While the outcome for Ms. Ord remains the same, the difference is that by addressing the merits of her contention, she has been afforded her day in court. I vote to hear the appeal and affirm the Full Commission, rather than to dismiss this appeal.