STATE OF NORTH CAROLINA
v.
JORGE MALDONADO, Defendant.
No. COA07-504
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.
 Don Willey for defendant-appellant.
BRYANT, Judge.
On 27 September 2006 Jorge Maldonado (defendant) pled guilty to ten counts of obtaining property by false pretenses. The trial court sentenced defendant to three active terms of six to eight months each, to run consecutively. The trial court also ordered defendant to pay court costs, attorney fees, and $336.16 in restitution as a condition of early release or work release.
Defendant stipulated to the underlying facts, that defendant stole a credit card from his girlfriend's grandfather and used it at various stores to make purchases in excess of $10,000.00. At the plea hearing the State noted that only $336.16 of the total amount of purchases remained to be paid to the victims after the grandfather and his credit card company worked out the charges. Defense counsel noted, "We are pleased to know that whatever was worked out with the company was worked out because he indicated to me that it was $10,000 or more dollars so the [$]336 is a pleasant surprise."
Defendant argues the trial court erred by ordering defendant to pay restitution because insufficient evidence was produced to support the amount of restitution. The State argues that defendant has failed to properly assign error to the restitution award. We agree.
Appellate Rule 10 limits our review on appeal to "a consideration of those assignments of error set out in the record on appeal." N.C. R. App. P. 10(a). Rule 10 provides that an assignment of error must "state plainly, concisely, and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1). A sufficient assignment of error will "direct[] the attention of the appellate court to the particular error about which the question is made." Id.
Defendant in his brief cites to two of his eleven assignments of error. The remaining assignments of error not argued or brought forward are deemed abandoned. N.C. R. App. P. 28(b)(6). The assignments of error upon which defendant relies read as follows:
5. The trial court erred as a matter of law in sentencing the defendant because the sentence disposition is not authorized for the defendant's class of offense and/or prior record level.
. . .
8. The trial court erred in sentencing the defendant to a disposition counter to the plea agreement after having accepted the plea terms.
Nothing in the language of these assignments of error directs this Court's attention to the particular issue of the validity of the amount of restitution. The word "restitution" is not used, nor do the assignments of error even suggest that defendant might challenge the restitution amount. The term "sentence disposition" more properly refers to the prison time to be served by defendant, not to the restitution he was ordered to pay. See State v. Easter, 101 N.C. App. 36, 47, 398 S.E.2d 619, 625 (1990) (restitution is meant to be compensatory, not punitive); Black's Law Dictionary 1367 (7th ed. 1999) (the word "sentence" means the punishment imposed for a criminal conviction). Nor would either assignment of error put the State on notice as to a legal argument challenging the sufficiency of evidence to support the amount of restitution. We therefore find defendant has failed to comply with the Rules of Appellate Procedure.
It is well established that the Rules of Appellate Procedure are mandatory, not optional. Steingress v. Steingress, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999). Failure to abide by the rules may subject an appeal to dismissal, although other sanctions may also be imposed. State v. Hart, 361 N.C. 309, 644 S.E.2d 201 (2007); see also Viar v. N.C. Dep't of Transp, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005). We acknowledge our discretionary authority to invoke Rule 2 of the Rules of Appellate Procedure to excuse the rules violations and decide the case on the merits to prevent manifest injustice to a party. Hart, 361 N.C. at 316, 644 S.E.2d at 205; N.C. R. App. P. 2. We do not find sufficient reason, however, to excuse defendant's rules violations where defendant has failed to put this Court and the State on notice as to the particular legal argument he wished to raise. We therefore decline to exercise our discretion to invoke Rule 2. Defendant's appeal is dismissed.
Dismissed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).