DIETZ, Judge, concurring.
I cannot join in the majority's decision to invoke Rule 2 of the Rules of Appellate Procedure to reach Forte's unpreserved fatal variance argument. "As our Supreme Court has instructed, we must be cautious in our use of Rule 2 not only because it is an extraordinary remedy intended solely to prevent manifest injustice, but also because 'inconsistent application' of Rule 2 itself leads to injustice when some similarly situated *268 litigants are permitted to benefit from it but others are not." State v. Bishop , --- N.C. App. ----, ----, 805 S.E.2d 367, 370 (2017).
There is nothing extraordinary about this case, and the majority does not even bother to assert that there is. Indeed, the majority concludes that Forte's fatal variance argument is meritless (and I agree). Why then, does the majority invoke the "extraordinary remedy" of Rule 2, which is limited solely to cases in which it is needed to prevent manifest injustice? I can't explain it. But our Supreme Court has explained the danger of using Rule 2 in cases that are not extraordinary and do not raise issues of manifest injustice:
Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority. Furthermore, inconsistent application of the Rules may detract from the deference which federal habeas courts will accord to their application. Although a petitioner's failure to observe a state procedural rule may constitute an "adequate and independent state ground[ ]" barring federal habeas review, Wainwright v. Sykes , 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594, 604 (1977), a state procedural bar is not "adequate" unless it has been "consistently or regularly applied." Johnson v. Mississippi , 486 U.S. 578, 589, 108 S.Ct. 1981, 1988, 100 L.Ed.2d 575, 586 (1988). Thus, if the Rules are not applied consistently and uniformly, federal habeas tribunals could potentially conclude that the Rules are not an adequate and independent state ground barring review. Therefore, it follows that our appellate *779 courts must enforce the Rules of Appellate Procedure uniformly.
State v. Hart , 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007).
The majority's decision to invoke Rule 2 in a case where there is nothing extraordinary and no risk of manifest injustice is flatly inconsistent with Supreme Court precedent. I will not join the majority in further eroding the consistent, uniform application of our State's procedural rules.