An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-389

Filed 4 June 2025

Mecklenburg County, No. 18CRS238325; 20CRS015595; 20CRS015596; 20CRS015597

STATE OF NORTH CAROLINA

v.

LEAMON JOHN GRAY, JR., Defendant.

Appeal by Defendant from judgments entered 28 September 2023 by Judge Louis A. Trosch, Jr., in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 February 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Caden W. Hayes, for the State.*

> *Caryn Strickland for Defendant.*

GRIFFIN, Judge.

Defendant Leamon John Gray, Jr., appeals from the trial court's judgments entered after a jury convicted him of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), attempted first-degree murder, discharging

a firearm into occupied property, and possession of a firearm by a felon. We hold the trial court did not err.

## I.    Factual and Procedural Background

On 27 October 2018, Adedayo Adeniji was shot in the jaw during an encounter in the parking lot of an apartment complex. Adeniji survived the encounter, but his treatment required hospitalization and left extensive damage. On 9 November 2020, a Mecklenburg County Grand Jury indicted Defendant for AWDWIKISI, attempted first-degree murder, discharging a firearm into occupied property, and possession of a firearm by a felon.

On 27 June 2023, Defendant's case came on for trial by jury in Mecklenburg County Superior Court. At the conclusion of the first day, Defendant, who posted bail, was allowed to return to his home. That night, officers received an alert from Defendant's electronic bracelet and responded accordingly. Upon their arrival at Defendant's home, officers were able to confirm Defendant was not there, and they found Defendant's electronic bracelet in the woods behind his apartment complex.

The trial court reconvened the following morning, but Defendant failed to appear in court. The court requested the parties' positions as to whether the trial should proceed in Defendant's absence. The State requested to move forward, and Defendant's counsel stated he "ha[d] nothing to add" and that the court could "do whatever [it] want[ed] to do." The court proceeded with the trial.

The court addressed whether the parties wanted to notify the jury of Defendant's absence and if so, how. Defendant's counsel argued highlighting Defendant's absence could negatively impact the jury's verdict. The State and the court agreed the jury needed some explanation for Defendant's absence. The court proposed that it would notify the jury Defendant is "not present" but that "[h]is absence is not to create a presumption against him and is not to influence [their] decision in any way." Both parties agreed, and Defendant's counsel stated, "[t]hat's fine with me, Your Honor."

In its instructions to the jury, the trial court stated the following:

> Ladies and gentlemen, good morning. I apologize we got a late start. Before we get started this morning, I do want to inform you that at this time [D]efendant, [] [D]efendant in this matter has not appeared in this courtroom. In my discretion, we will proceed in his absence, and I instruct you, ladies and gentlemen, that the guilt or innocence of [] [D]efendant is to be based on the evidence presented in court and the law that I will give to you. The fact [] [D]efendant is not present should not influence your decision in any way. I apologize for the wait.

Defendant did not object. Later, the State called Adeniji, the victim, to the stand. Sometime after Adeniji completed his testimony, the court admonished the jurors to remain attentive by stating:

> I'm going to say this one time. Whatever you need to do to stay awake, you need to do that to stay awake. Multiple jurors are nodding off. This is a very important case. Tonight, get a good night's sleep. If you need a break, raise your hand, but do not nod off in this courtroom while the gentleman is talking about an injury when we are dealing

with an attempted murder case. Have I made myself clear? I understand that there are long days. I understand that this is not what you all normally do, but you're going to stay awake. And if you're having a difficult time staying awake, you would rather raise your hand and ask[] me to recess the jury than stop in the middle of the trial and specifically address the person that's falling asleep.

On 28 June 2023, the jury found Defendant guilty of all charges. The trial court entered judgments on 28 September 2023. Defendant timely appeals.

## II.    Analysis

Defendant contends the trial court: (1) violated Defendant's due process rights by failing to investigate juror misconduct; (2) gave improper jury instructions when Defendant failed to appear in court; and (3) allowed the trial to proceed in Defendant's absence.

## A. Juror Misconduct

Defendant alleges the trial court violated his due process rights by failing to investigate juror misconduct. Specifically, Defendant contends jurors nodding off during trial amounts to juror misconduct, and he was prejudiced by the trial court's failure to intervene. We disagree.

Issues of juror misconduct are reviewed under the abuse of discretion standard. *See State v. Conaway*, 339 N.C. 487, 518, 453 S.E.2d 824, 844 (1995) ("Once a jury has been impaneled, any further challenge to a juror is a matter within the trial court's sound discretion." (citation omitted)). This is because "[i]n the conduct of jury trials, much must necessarily be left to the judgment and good sense of the judge who

presides over them." *State v. Dean*, 196 N.C. App. 180, 189, 674 S.E.2d 453, 460 (2009) (citation and internal marks omitted). Accordingly, issues regarding the trial court's judgment should be overturned "only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Salentine*, 237 N.C. App. 76, 81, 763 S.E.2d 800, 804 (2014) (citation and internal marks omitted).

"When juror misconduct is alleged, it is the trial court's responsibility to make such investigations as may be appropriate, including examination of jurors when warranted, to determine whether misconduct has occurred and, if so, whether such conduct has resulted in prejudice to the defendant." *Id.* (citation and internal marks omitted). Misconduct depends upon the facts and circumstances in each case, and we have held that "not every violation of a trial court's instruction to jurors is such prejudicial misconduct as to require a mistrial." *Id.* (citation and internal marks omitted). It is within the discretion of the trial court "to determine the procedure and scope of the inquiry[.]" *State v. Burke*, 343 N.C. 129, 149, 469 S.E.2d 901, 910 (1996).

On appeal, we give great deference to the determinations of the trial court as to whether juror misconduct occurred. *State v. Boyd*, 207 N.C. App. 632, 640, 701 S.E.2d 255, 260 (2010) (citation omitted). A trial court's "decision should only be overturned where the error is so serious that it substantially and irreparably prejudiced the defendant, making a fair and impartial verdict impossible." *Salentine*, 237 N.C. App. at 81, 763 S.E.2d at 804 (citation and internal marks omitted).

Here, Defendant failed to raise the issue of juror misconduct at trial. "As a general rule, [a] defendant's failure to object to alleged errors by the trial court operates to preclude raising the error on appeal." *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985); *see also* N.C. R. App. P. 10(a) (providing preservation standards). Such preservation requirements prevent unnecessary new trials caused by errors the trial court could have addressed if brought to its attention at the proper time. *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019) (citation omitted).

On appeal, Defendant does not dispute that during trial he failed to object, ask for a hearing for a mistrial, or for the court to substitute out the allegedly offending jurors. Rather, Defendant asserts that because his due process rights were allegedly violated due to the trial court's failure to investigate juror misconduct, this is a constitutional challenge automatically preserved for appeal. Alternatively, Defendant asserts that this Court should invoke Rule 2 to suspend the preservation requirements of Rule 10.

### 1. *Preservation*

Our Supreme Court has held "a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal." *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982) (citation omitted). *See State v. Fernandez*, 346 N.C. 1, 18, 484 S.E.2d 350, 361 (1997) (holding that the defendant's unpreserved confrontation and due process arguments were waived (citation

omitted)); *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002) ("It is well settled that an error, even one of constitutional magnitude, that [is not brought] to the trial court's attention is waived and will not be considered on appeal" (citation omitted)).

Here, the preservation requirements apply to Defendant's claim. *See State v. Fisher*, 171 N.C. App. 201, 212, 614 S.E.2d 425, 435 (2005) (holding that a defendant's claim that the trial court should have declared a mistrial due to a sleeping juror to be unpreserved); *State v. Boyd*, __N.C. App.__,__, 912 S.E.2d 178, 185–86 (2025) (holding a defendant's constitutional challenge to a unanimous verdict because of a sleeping juror was not raised at trial and is therefore waived on appeal). Thus, Defendant failed to preserve this issue for review.

Moreover, even if Defendant raised the issue of juror misconduct at trial, he cannot show prejudice. *See State v. Najewicz*, 112 N.C. App. 280, 291, 436 S.E.2d 132, 139 (1993) (holding the juror misconduct claim waived on appeal, but noting prejudice as "unlikely" because the "alleged discussions were reported early in the trial when the jury had heard only a small portion of the evidence, and the trial court gave a lengthy curative instruction prior to the next recess"). Here, Defendant has not demonstrated that members of the jury were "nodding off" for a substantial amount of time or even during "critical portions of the prosecution's case." To be sure, after Adeniji's testimony during the first day of trial, the court briefly admonished the jury to remain attentive; however, that is insufficient to show an error "so serious that it substantially and irreparably prejudiced the defendant, making a fair and

impartial verdict impossible." *State v. Gurkin,* 234 N.C. App. 207, 211, 758 S.E.2d 450, 454 (2014) (citation omitted). As such, Defendant's argument fails.

### 2. *Rule 2*

Defendant's Rule 2 argument is also without merit. "Rule 2 [] gives 'either court of the appellate division' the discretion to 'suspend or vary the requirements or provisions of any of [the] rules' in order '[t]o prevent a manifest injustice to a party, or to expedite decision in the public interest." *State v. Hart*, 361 N.C. 309, 315, 644 S.E.2d 201, 204–05 (2007) (quoting N.C. R. App. P. 2). However, Rule 2 is reserved only for "exceptional circumstances." *Id.* at 315–16, 644 S.E.2d at 205 (reiterating that courts should only employ Rule 2 "in exceptional circumstances" (citation and internal marks omitted)).

Defendant fails to show this case presents the "exceptional circumstance" and "rare occasion" worthy of invoking Rule 2. *Id.* at 316, 644 S.E.2d at 205 (citation and internal marks omitted). *See Boyd*, __ N.C. App. at __, 912 S.E.2d at 186 (noting it is within the trial court's discretion to investigate and determine whether allegations of jurors falling asleep amounts to juror misconduct (citation omitted)). Thus, jurors "nodding off" here is insufficient to constitute an "exceptional circumstance" or "rare occasion" worthy of invoking Rule 2 to review the merits of Defendant's argument.

## B. Jury Instructions

Defendant argues the trial court reversibly erred in its jury instructions by informing the jury he failed to appear in the courtroom. As a result, Defendant

alleges he was deprived of a fair trial. We disagree.

### 1. *Preservation*

Defendant argues the trial court erroneously deviated from the proposed jury instruction to which the parties agreed, and as a result, this issue is automatically preserved.

We recognize "[w]hen a trial court agrees to give a requested pattern instruction, an erroneous deviation from that instruction is preserved for appellate review without further request or objection." *State v. Lee*, 370 N.C. 671, 676, 811 S.E.2d 563, 567 (2018). However, there was no erroneous deviation here.

Here, when Defendant failed to appear at trial, the court suggested that "the jury nee[ed] some explanation when [Defendant] [wasn't] [there]." The court conversed with both parties about the issue, and the parties agreed that there is no pattern instruction for notifying the jury about a defendant's voluntary absence from trial. However, because the court deemed some instruction as needed, the parties agreed the most similar instruction was the pattern instruction regarding closed-circuit monitoring. As a result, the trial court informed the parties that it was going to mirror that instruction and inform the jury that Defendant "is not present." Both parties agreed, and Defendant's counsel stated, "[t]hat's fine with me, Your Honor." In its instructions to the jury, the trial court stated the following:

> Ladies and gentlemen, good morning. I apologize we got a late start. Before we get started this morning, I do want to inform you that at this time *[D]efendant, [] [D]efendant in*

> *this matter has not appeared in this courtroom.* In my
> discretion, we will proceed in his absence, and I instruct
> you, ladies and gentlemen, that the guilt or innocence of []
> [D]efendant is to be based on the evidence presented in
> court and the law that I will give to you. The fact []
> [D]efendant is not present should not influence your
> decision in any way. I apologize for the wait.

Defendant did not object.

Although the trial court did not use the word-for-word language contained in the pattern instruction for closed-circuit monitoring, the language the court used did not substantially deviate from the pattern instruction. *See State v. Green*, 305 N.C. 463, 476–77, 290 S.E.2d 625, 633 (1982) ("It is well established in this jurisdiction that the trial court is not required to give a requested instruction in the exact language of the request."); *State v. Godwin*, 369 N.C. 604, 613, 800 S.E.2d 47, 53 (2017) (holding the trial court is not required to give verbatim instructions because "[i]t is sufficient if they are given in substance" (citation omitted)).

Here, the instruction given by the trial court captures the same "substance" as the pattern instruction regarding closed-circuit monitoring. Stating Defendant "is not present" communicates the same substance as "[D]efendant in this matter has not appeared in this courtroom." Thus, Defendant has not shown that the trial court erroneously deviated from the proposed instruction, and his claim falls outside of his "automatic preservation" theory.

### 2. Prejudice

Even if Defendant properly preserved this argument for review, Defendant

cannot show prejudice. "A trial court's erroneous refusal to instruct the jury in accordance with a criminal defendant's request will not result in a reversal of the trial court's judgment unless the error in question has prejudiced the defendant[.]" *State v. Benner*, 380 N.C. 621, 628–29, 869 S.E.2d 199, 204–05 (2022). Prejudice requires showing "the error had 'a probable impact" on the outcome, meaning that 'absent the error, the jury probably would have returned a different verdict.'" *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (quoting *State v. Lawrence*, 365 N.C. 506, 518–19, 723 S.E.2d 326, 334–35 (2012)).

Here, the trial court merely informed the jury of what the jury had observed with its own eyes: Defendant was absent from the courtroom. Thus, even if the court had not commented on Defendant's absence at all, the jury saw it for themselves. Additionally, the trial court attempted to eliminate any prejudicial effect that the Defendant's absence may have had. The court specifically stated: "I instruct you, ladies and gentlemen, that the guilt or innocence of [] [D]efendant is to be based on the evidence presented in court and the law that I will give to you. The fact [] [D]efendant is not present should not influence your decision in any way." *See Wiley*, 355 N.C. at 637, 565 S.E.2d at 52 ("We have long held that a jury is presumed to follow the instructions given to it by the trial court" (citation omitted)); *State v. Rinehart*, 106 N.C. 787, 791, 11 S.E. 512, 513 (1890) ("[I]t is to be presumed that the jury will follow the instructions of the court[.]"). *See also State v. Ward,* 354 N.C. 231, 252, 555 S.E.2d 251, 265–66 (2001) (holding the defendant suffered no prejudice

where the trial court gave a curative instruction, and there was overwhelming evidence of the defendant's guilt). Here, the trial court gave a curative instruction and there was substantial evidence presented to support Defendant's guilty verdict absent any statement made by the trial court. As a result, Defendant has not shown a reasonable probability that had the trial court given the verbatim requested instruction, the outcome of trial would have been different. *See Reber*, 386 N.C. at 160, 900 S.E.2d at 788.

## C. Proceeding with Trial

Defendant contends the trial court violated his due process right to be present at trial when the court continued the proceeding in his absence. We disagree.

Our Supreme Court has explained that once the parties have begun calling jurors "into the jury box for examination as to their qualifications," the trial has started such that a defendant who later voluntarily fails to appear may be tried in absentia. *State v. Richardson*, 330 N.C. 174, 179, 410 S.E.2d 61, 63 (1991). Here, according to our State's standards, trial had begun.

Nonetheless, Defendant hinges his argument on extra-jurisdictional federal courts' opinions; however, we cannot rely on those opinions because they do not align with the decision of our Supreme Court. *See State v. Fowler*, 159 N.C. App. 504, 516, 583 S.E.2d 637, 645 (2003) ("This Court is bound by decisions of the North Carolina Supreme Court."); *State v. Parker*, 140 N.C. App. 169, 172, 539 S.E.2d 656, 659 (2000) (holding the Court of Appeals was bound to follow the North Carolina Supreme

Court's decision (citation omitted)). Defendant even concedes to the binding precedent from our Supreme Court and asserts he is only raising this issue for preservation purposes. As such, we hold that Defendant's voluntary absence argument fails.

## III.   Conclusion

For the aforementioned reasons, we hold the trial court did not err.

NO ERROR.

Judges STROUD and FLOOD.

Report per Rule 30(e).