An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1064

Filed 20 May 2026

Dare County, No. 24CV001493-270

MISHAEL LATIF HUSAIN ISMAIL and CHADMAN ALI RAFINO, Plaintiffs,

v.

AHMED LAFEET HUSSEIN, Defendant.

Appeal by Defendant from judgment entered 9 June 2025 by Judge Wayland J. Sermons, Jr., in Dare County Superior Court. Heard in the Court of Appeals 22 April 2026.

> *Hornthal, Riley, Ellis & Maland, LLP, by M. H. Hood Ellis, for Plaintiffs-Appellees.*

> *Sharp, Graham, Baker & Varnell, L.L.P., by Casey C. Varnell, for Defendant-Appellant.*

GRIFFIN, Judge.

Defendant Ahmed Lafeet Hussein appeals from a judgment requiring conveyance of real property to Plaintiff Mishael Latif Husain Ismail. Defendant argues the evidence Plaintiffs Ismail and Chadman Ali Rafino presented at trial was insufficient to support the jury's verdict as a matter of law. We decline to review

Defendant's argument pursuant to Rules 2 and 10 of the North Carolina Rules of Appellate Procedure after Defendant's failure to preserve the issue at trial.

## I.    Facts and Procedural History

Plaintiffs and Defendant are brothers who immigrated to the United States and now live in Kill Devil Hills, North Carolina. Plaintiffs and Defendant own and operate a series of Subway franchises in the Outer Banks. Plaintiff Rafino used his earnings from this joint business venture to purchase real property located at 1722 Aztec Street, Kill Devil Hills (the "Aztec Property"), on 4 February 2000. Plaintiff Ismail subsequently moved into the Aztec Property. Before 2004, Plaintiff Rafino purchased and moved into a second property located at 603 Canal Drive, Kill Devil Hills (the "Canal Property"). After the purchase, Plaintiff Ismail continued living in the Aztec Property.

In or about August 2004, Plaintiff Rafino sought to refinance the mortgage on the Canal Property. As part of a deal to accomplish this goal, Plaintiff Rafino conveyed the Aztec Property to Defendant because Defendant's credit rating was better. The parties orally agreed the Aztec Property would be held by Defendant for the sole use and benefit of Plaintiff Ismail.[1]

Around 2010, the parties could no longer effectively operate the joint business venture. Plaintiffs agreed to sell one Subway franchise to Defendant, and Defendant

---

[1] Defendant wholly denies the existence of this agreement but does not contest such an agreement would have been oral in nature.

agreed to allow Plaintiff Ismail to remain in the Aztec Property. In 2021, Plaintiff Ismail requested Defendant convey the Aztec Property to Plaintiff Ismail via recorded deed. Defendant refused. Plaintiffs commenced an action in Stokes County Superior Court to compel Defendant to convey the Aztec Property to Plaintiff Ismail.

The matter went to trial on 27 May 2025. At the close of Plaintiffs' evidence, Defendant moved to dismiss pursuant to the statute of frauds and for the insufficiency of Plaintiffs' evidence. Defendant failed to renew these motions at the close of all evidence. The jury found, by clear, strong, and convincing evidence, the Aztec Property was subject to a constructive trust for Plaintiff Ismail. The trial court ordered the Aztec Property be conveyed to Plaintiff Ismail and that the order be recorded in the Register of Deeds of Dare County. Defendant timely appeals.

## II.    Analysis

Defendant argues the trial court erred as a matter of law by imposing a constructive trust over the Aztec Property. Defendant recognizes he failed to preserve this issue under Rule 10 of the North Carolina Rules of Appellate Procedure, specifically by failing to renew his motion to dismiss for insufficient evidence at the close of all evidence and by failing to move for judgment notwithstanding the jury's verdict. Despite these defects, Defendant argues real property is so significant that related appellate disputes warrant this Court's invocation of Rule 2. Plaintiffs respond the Rules are mandatory, and failure to follow the Rules mandates dismissal of appeal.

For an appellant to preserve an issue for appeal, he must raise the issue before the trial court and the trial court must rule on the issue. N.C. R. App. P. 10(a)(1). An issue that is not timely raised is considered waived and cannot be raised on appeal. *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 195–96, 657 S.E.2d 361, 364 (2008). Rule 10 "prevent[s] unnecessary new trials caused by errors . . . that the court could have corrected if brought to its attention at the proper time." *Wall v. Stout*, 310 N.C. 184, 188–89, 311 S.E.2d 571, 574 (1984).

"The appellate courts of this state have long and consistently held that the . . . Rules of Appellate Procedure[] are mandatory and that failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted). "[N]oncompliance with the [Rules] does not, ipso facto, mandate dismissal of an appeal. Whether and how a court may excuse noncompliance with the [R]ules depends on the nature of the default." *Dogwood*, 362 N.C. at 194, 657 S.E.2d at 363 (internal citation omitted).

This Court may, at its discretion, suspend or vary the requirements or provisions of the Rules to prevent manifest injustice to a party. N.C. R. App. P. 2. This Court has recognized manifest injustice where the trial court made an erroneous assumption regarding a matter of law. *See Potter v. Homestead Pres. Ass'n*, 330 N.C. 569, 576, 412 S.E.2d 1, 5 (1992) (holding manifest injustice warranted invocation of Rule 2 in a case where constructive trust of mutual property was an available remedy). Application of Rule 2 must be done cautiously—the circumstances must be

exceptional, and the issues must be of significant importance to the public interest. *State v. Hart*, 361 N.C. 309, 315–16, 644 S.E.2d 201, 205 (2007). Rule 2 is often invoked in circumstances when a substantial right is affected. *State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984). The exercise of discretion to invoke Rule 2 "should only be undertaken with a view toward the greater object of the rules." *Hart*, 361 N.C. at 316, 644 S.E.2d at 205.

Here, Defendant is challenging the sufficiency of Plaintiffs' evidence. Defendant failed to renew his objection to the sufficiency of Plaintiffs' evidence during trial, failed to object to the jury's verdict thereafter, and concedes that he waives this issue for failure to preserve the issue at trial. However, Defendant now requests this Court to invoke Rule 2 "to prevent manifest injustice[.]" Plaintiffs respond "there is nothing in the record or in [Defendant's] Brief that any way demonstrates 'any exceptional circumstances to suspend or vary the [R]ules in order to prevent manifest injustice to a party or to expedite decisions in the public interest.'" We agree.

Though the trial court gave no explanation for denying the motion to dismiss, the decision was well within the court's discretion and likely not erroneous as a matter of law. *See Potter*, 330 N.C. at 576, 412 S.E.2d at 5; *see also Overman v. Gibson Prods. Co. of Thomasville, Inc.*, 30 N.C. App. 516, 519, 227 S.E.2d 159, 161 (1976) (stating motions to dismiss should be judged in the light of the case as it stands at that time). Defendant's subsequent failure to renew his motion waives the issue on appeal. N.C. R. App. 10(a)(1). We decline to invoke Rule 2 in this case.

## III.    Conclusion

We do not find Defendant's arguments sufficiently persuasive for review under Rule 2.

DISMISSED.

Judges ZACHARY and FREEMAN concur.

Report per Rule 30(e).